Edward Chang (SBN 268204)
echang@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELEGANT SOLUTIONS, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 8:19-cv-01333-JVS (KESx)<br><br>**DECLARATION OF THOMAS W. MCNAMARA IN SUPPORT OF RECEIVER'S FIRST INTERIM FEE APPLICATION FOR ORDER APPROVING FEES AND EXPENSES OF THE RECEIVER AND HIS PROFESSIONALS**<br><br>JUDGE:　Hon. James V. Selna<br>CTRM:　10C<br>DATE:　October 7, 2019<br>TIME:　1:30 p.m. |

I, Thomas W. McNamara, hereby declare as follows:

1. I am the Court-appointed Receiver in this matter. I have personal knowledge of the facts set forth in this declaration except where, as noted, those facts have been obtained by staff acting at my direction. If called as a witness, I could and would competently testify to the facts stated herein.

2. By this First Interim Fee Application, I seek approval for the payment of fees and expenses from July 8, 2019 through August 14, 2019 as detailed below.

3. In my experience the bulk of the time spent and expense incurred in a receivership like this one occurs at the beginning, as the investigation is conducted, a preliminary report prepared, and early follow-on motions are filed. As these events are completed, receivership expenses taper down and that has happened here.

**Receivership Activities**

4. Receivership activities during the period covered by this Application have been reported in detail in the Receiver's Preliminary Report filed July 18, 2019 (ECF No. 54). Since that time, we have continued to investigate and pursue receivership estate assets, secured and stored all hard copy and electronic documents, and engaged an estate sale company to sell the Receivership Entities' furniture and fixtures located at 3 Studebaker, Irvine, California (e.g., computers, monitors, printers, chairs, cubicles, office furniture, office equipment, TVs, etc.). We have returned stored and consigned vehicles to customers and have begun to sell the Receivership Entities' vehicles and garage equipment.

**Fees and Expenses of the Receiver and Staff**

5. The total fees for my time as Receiver and my professional staff during this period are $99,166.50 as set forth in the invoice from Regulatory

///
///
///

Resolutions which is attached as Exhibit A.[1] That invoice includes services provided by the following personnel:

    a.   Receiver. My fees as Receiver total $46,768.00 which reflects a total of 118.4 hours at $395 per hour. During this period, I coordinated and reviewed activities of the receivership team, including many functions for which I did not bill.

    b.   Deputy Receiver. Andrew W. Robertson has been a key member of my receivership work for over 17 years. He has a background as a lawyer and a business operator. During this period, he assisted in implementing the immediate access and preparing the Receiver's Preliminary Report. His fees of $15,372.50 reflect 47.3 hours at the discounted rate of $325 per hour.

    c.   Accountant. Lisa Jones is a Certified Insolvency and Restructuring Advisor (CIRA) and Certified Fraud Examiner (CFE) with more than 20 years' experience in the insolvency and restructuring industry with a wide range of experience in forensic accounting, litigation support, and discovery. She analyzed Receivership Entities' QuickBooks files, identified receivership estate assets, and reviewed documents from various financial institutions. Her fees of $27,670.50 reflect 128.7 hours at $215 per hour.

    d.   Administration. Several individuals provided administrative and logistical support to collect, file, pack, and coordinate the

---

[1] Prior to presenting the fee application to the Court for review, I examined our bills very carefully and cut more than $10,000 in charges. While the time and fees were properly incurred and recorded, I made the determination to excise where I did not think the work was as efficient as it should have been or did not translate into a tangible benefit to the estate.

preservation, move, and storage of the Receivership Entities' voluminous business records. Their combined hours totaled 207.9 hours at a rate of $45 an hour or $9,355.50.

6. The invoice from Regulatory Resolutions also includes expenses totaling $1,698.23, as detailed in Exhibit A. The principal component of those expenses relate to rekeying the receivership site ($718) and mileage reimbursement ($430).

**Fees and Expenses of the Receiver's Counsel**

7. For this period, fees for my counsel, McNamara Smith LLP ("McNamara Smith"), are $109,464.00, detailed in Exhibit B.[2] The firm has been directly involved in all receivership activities and their services are more thoroughly described in the invoices in Exhibit B.

8. The McNamara Smith attorneys have substantial experience with issues revolving around regulatory receiverships. The attorneys' fees have been incurred primarily in on-site investigation and interview of employees at the time of immediate access, review of voluminous electronic and paper records, the preparation of the preliminary report, and subsequent stipulation and motion to sell assets. In particular, Mr. Smith's fees of $13,110 reflect 27.6 hours at the rate of $475 per hour; Mr. Chang's fees of $59,349 reflect 162.6 hours at the rate of $365 per hour; Ms. Gordon's fees of $9,880 reflect 30.4 hours at the rate of $325 per hour; and paralegal Ms. Carroll's fees of $27,125 reflect 155 hours at the rate of $175 per hour.

9. The invoice from McNamara Smith also includes expenses of $2,238.17, as detailed in Exhibit B. The primary component of those expenses

---

[2] Prior to submitting this fee application to the Court for review, I also carefully examined the McNamara Smith bill and cut more than $11,000 in charges. While the time and fees were properly incurred and recorded, I made the determination to excise where I did not think the work was as efficient as it should have been or did not translate into a tangible benefit to the estate.

relate to mileage reimbursement and moving costs ($1,191) and FedEx and delivery services to provide notice of the asset freeze and mandatory chambers copies to the Court ($438).

**Fees and Expenses of the Receiver's IT Consultant, Hadron Computer Forensics & Investigations**

10. The Receiver's forensic IT consultant, Hadron Computer Forensics & Investigations ("Hadron") incurred fees of $12,118.75 and expenses of $882.83, as detailed in Exhibit C. Hadron assisted the receivership by preserving Receivership Entities' data. Hadron also extracted and converted the data in a form that we could read and evaluate quickly.

**Fees and Expenses of the Receiver's Private Investigators, Whelan & Associates**

11. The fees for the private investigators from Whelan & Associates are $2,755.00, detailed in Exhibit D. Whelan & Associates provided the Receiver's team investigative, logistical, and security support on the day of the immediate access.

12. I submit to the Court that the identified services provided by me, as Receiver, and by the other designated professionals, were necessary and appropriate and brought significant value to the receivership. I have monitored the efforts of the team and have reviewed and approved the invoices which are the subject of this First Interim Fee Application. I request that the Court approve immediate payment of these invoices.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 6th day of September, 2019, in San Diego, California.

/s/ Thomas W. McNamara
Thomas W. McNamara