# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | Case No.: 8:19-cv-013333-JVS (KESx) |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ELEGANT SOLUTIONS, INC *et al*, | ) | |
| | ) | |
| *Defendants.* | | |

## [Proposed] ORDER GRANTING DEFENDANTS' MOTION TO DISSOLVE INJUNCTION

The Court, having reviewed Defendants' Motion to Dissolve Injunction and Plaintiff's response thereto, and having reviewed this matter thoroughly;

Defendants essentially raise three issues: (1) whether the Preliminary Injunction should be dissolved because the there was no evidence to support the FTC's contention that Defendants were violating or about to violate the FTC At at the time of the applying for injunctive relief; (2) whether the Court is required to dissolve the injunction because the FTC failed to file an administrative adjudicatory complaint with the Commission; and (3) whether Section 13(b) provides an independent basis for filing a lawsuit seeking restitution without filing a parallel administrative complaint.

Defendants cites a recent decision by the Seventh Circuit, *FTC v. Credit Bureau Center*, 937 F.3d 764 (7th Cir. 2019) for the third proposition. As set out below, the Court finds the analysis and reasoning in Credit Bureau Center to be persuasive. As a threshold issue, however, the Court must address what authority binds this Court regarding the FTC's claims of authority under Section 13(b).

1

Defendants contend that the principles of statutory interpretation set out in the Supreme Court's decision in *Meghrig v. KFC Western Inc, 516 U.S. 479 (1996)* and the Ninth Circuit's decision in *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ),* 632 F.3d 1111 (9th Cir. 2011) control the outcome of its motion. In contrast, the FTC contends that the line of decisions issued by the Ninth Circuit starting with *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107 (9th Cir. 1982) are binding precedent.   The Court finds that the principles of statutory interpretation are controlled by *Meghrig* and *Owner Operator*.   The Seventh Circuit correctly held that none of the decisions cited by the Ninth Circuit analyzed the plain text and structure of the statute.  It is well established that district courts must analyze and construe statutes as a whole harmonizing statutes based on the express language of the statute. *Davis v. Michigan Dept of Treasury*, 489 U.S. 803 809 (1989). A court must therefore interpret the statute "as a symmetrical and coherent regulatory scheme," *Gustafson v. Alloyd Co.,* 513 U.S. 561, 569, (1995), and "fit, if possible, all parts into an harmonious whole," (1959).

The Court finds that Congress enacted Section 57, which must be read in conjunction with Section 53(b) of the statute.  In both *Meghrig* and *Oil Operator*, the courts held that a statute that provides for injunctive relief cannot serve as an independent grant of authority to award restitution based on injunctive relief.  While the FTC asserts that *Singer* and other decisions have served as controlling authority since 1982, the principles on statutory interpretation changed with the Supreme

Court's decision in *Meghrig* and *Oil Operator*.   The FTC has not advanced any principled argument that *Singer* controls the analysis in this case. This Court is bound to follow the law as announced by the Supreme Court and the Ninth Circuit. Accordingly, the Preliminary Injunction must be dissolved.

While the Court need not reach the first and second issues raised by Defendants, the Court finds that the FTC has not satisfied its burden under Rule 13(b) to show that Defendants were violating or about the violate" the FTC Act. *See FTC v. Evans*, 668 F.2d 1107 (9th Cir. 1982)   The Defendants discontinued marketing and the vendors providing merchant banking, customer service data, and their regular banking institutions discontinued their relationships with Defendants corporate entities before the FTC filed its complaint in this case.   The Court also notes that there is no evidence that the Defendants intended to re-open a business that engaged in retail sales of products similar to the products in the instant case. Accordingly, the FTC's Preliminary Injunction must be dissolved.

Finally, Defendants contend that the Court must construe the statutory language authorizing the FTC to "bring suit" pending issuance of a complaint by the Commission under Section 57 with the language of the second proviso allowing the FTC to "seek" a permanent injunction in proper cases.   Defendants contend that the first proviso requires this Court to dissolve the injunction if the FTC failed to file an administrative adjudicatory complaint within twenty days of the date of issuance of the injunction.   Plaintiff contends that the Ninth Circuit decision in *FTC v. Evans*, controls resolution of this issue.   However, Evans relied solely on the premise that Section 13(b) provided implied authority for filing of the FTC's lawsuit.   As noted above, neither *Singer* nor, in this case, *Evans* analyzed the plain language of Section 13(b).

Supervening authority by the Supreme Court and the Ninth Circuit deprives *Singer* and its progeny of their precedential value.   The Court agrees with Defendants

that the plain language controls over any authority that might be implied into a statute.  In the instant case, Congress clearly intended that the FTC could bring suit enjoin allegedly deceptive acts or practices by defendants, but it authorized that power if, but only if the FTC filed an administrative complaint was filed with the Commission.  This Court finds that the language allowing the FTC to "seek" a permanent injunction must be read and harmonized with the conditions set in the first proviso and the enactment clause.  Stated otherwise, the FTC's failure to file an administrative complaint and pursue the fact finding process mandated by Congress requires dissolution of the Preliminary Injunction.

This Court must apply the law as written by Congress and not what the FTC or even what this Court thinks the law should provide.   If there is a deficiency in the law, that is a matter for Congress, not this Court to address.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED  that Defendants' Motion to Dissolve Preliminary Injunction is GRANTED in all respects.   The Receiver is ordered to unfreeze all assets to Defendants.   The Court will entertain further motions as to whether this Court has any further jurisdiction in this case.

Signed this _____ day of _____, 2020.

_____
Hon. James Selna
United States District Judge