ALDEN F. ABBOTT
General Counsel
K. MICHELLE GRAJALES
mgrajales@ftc.gov
SAMUEL JACOBSON
sjacobson@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave., NW
Mail Stop: CC-10232
Washington, DC  20580
(202) 326-3172

JOHN D. JACOBS, Cal. Bar. No. 134154
Local Counsel
jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Ste. 400
Los Angeles, CA 90024
Tel: (310) 824-4343; Fax: (310) 824-4380
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ELEGANT SOLUTIONS, INC., et al.,<br><br>Defendants. | Civ. No. Civ. No. 8:19-cv-01333-JVS-KES<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>**Judge: Hon. James V. Selna**<br>**Hearing Date:  April 6, 2020**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10C** |

1

2      Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule

3   56-1, Plaintiff, the Federal Trade Commission, hereby moves this Court for

4   summary judgment against all Defendants on all Counts of its First Amended

5   Complaint for Injunction and Other Equitable Relief. Dkt. No. 63.

6      This Motion is supported by the FTC's Memorandum of Points and

7   Authorities, the Statement of Uncontroverted Facts and Conclusions of Law in

8   Support of Plaintiff's Motion for Summary Judgment, exhibits filed previously

9   (PX 1-PX 27) and exhibits filed concurrently with this motion (PX 28-PX 42)

10  ("Exhibits"), all filings in the Court Docket, and such further argument and

11  evidence as may be presented.  Plaintiff files a Proposed Final Judgment with this

12  Motion.

13     In compliance with Local Rule 7-3, Counsel for Plaintiff conferred with

14  Counsel for Defendants, Stephen Cochell, and is informed that Defendants will

15  oppose this motion.

16     Summary judgment is appropriate on all counts because "there is no genuine

17  dispute as to any material fact and [the FTC] is entitled to judgment as a matter of

18  law." Fed. R. Civ. P. 56(a). Material facts are "facts that might affect the outcome

19  of the suit," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986), and the

20  Court views the evidence in the light most favorable to the non-moving party. *FTC

21  v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009). "Once the moving party has met

22  its burden, the non-moving party 'must do more than simply show that there is

23  some metaphysical doubt as to the material facts.'" *Dizon v. Asiana Airlines Inc*.,

24  240 F. Supp. 3d 1036, 1039 (C.D. Cal. 2017) (quoting *Matsushita Elec. Indus. Co.

25  v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)). Additionally, "[a] genuine issue

26  of material fact must be more than a scintilla of evidence, or evidence that is

27  merely colorable or significantly probative." *Id*. at 1040 (citing *Addisu v. Fred

28  Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000)).  Through the uncontroverted

evidence presented in the Memorandum of Points and Authorities, the Statement of Uncontroverted Facts, and Exhibits, the FTC has established that there is no genuine issue as to any material fact in this case. Therefore, the Court should find Defendants liable for violating the Federal Trade Commission Act, 15 U.S.C. § 45 and the Telemarketing Sales Rule, 16 C.F.R. Part 310.

The Commission seeks to prevent Defendants from deceiving consumers in the future and to obtain redress for consumers' injury from Defendants' deceptive student loan debt relief scheme. Therefore, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57(b), the Commission seeks entry of a permanent injunction that: (1) bans the Defendants from the provision of secured or unsecured debt relief products and services and from telemarketing; (2) prohibits Defendants from making any misrepresentations related to any financial products or services, or the marketing, offering or sale of any product or service; (3) orders Defendants to pay an equitable monetary judgment of $27,584,969.00; and (4) enables the FTC to monitor Defendants' compliance with the injunction.

WHEREFORE, the FTC respectfully requests that this Court grant this motion by entering the Proposed Final Judgment.


Respectfully submitted,


Dated:  March 9, 2020          /s/ K. Michelle Grajales
                               K. Michelle Grajales
                               Samuel Jacobson
                               Attorneys for Plaintiff
                               FEDERAL TRADE COMMISSION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Certificate of Service</u>

I HEREBY CERTIFY that, on this date, I served the foregoing on Counsel for Defendants, Robert Bare and Stephen Cochell, and on the Receiver and his Counsel through the Court's Electronic Case Filing system and by email.

Date: March 9, 2020 <u>/s/ K. Michelle Grajales</u>

K. Michelle Grajales