Stephen Cochell (TX SBN 24044255)
srcochell@gmail.com
The Cochell Law Firm, P.C.
5850 San Felipe, Ste.500
Houston Texas 77057
(346)800-3500
srcochell@gmail.com
Pro Hac Vice

James D. White, Esq.
Law Offices of
JAMES D. WHITE,
CA Bar # 064721
PO Box 367
113 Quarter Horse Dr.
Bellevue, ID 83313
949 697 9236
jdw@jamesdwhitelaw.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 8:19-cv-013333-JVS (KESx) |
| *Plaintiff,* | |
| vs. | |
| ELEGANT SOLUTIONS, INC *et al*, | |
| *Defendants.* | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants file their Response to Plaintiff's Statement of Material Uncontroverted Facts as set out in the chart below followed by proposed Findings of Fact and Conclusions of Law.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| PSUMF | Objection |
|---|---|
| 1-17 | Admit. |
| 18 | Deny. Dark Island Industries did business as Radwan Classic Cards ("RCC") not Federal Direct Group. Dkt. 131-4. M. Radwan Declaration ¶5; Dkt. 131-2. R. Radwan Declaration ¶¶10, 12 and 14. |
| 19-27 | Admit. |
| 28-31, 33-34, 48, 128 | Deny as it attempts to characterize Mazen as an active owner in all but Dark Island Industries, Dkt. 131-4. M. Radwan Declaration ¶¶4-7; Dkt. 131-2. R. Radwan Declaration ¶25a. Mazen's knowledge was very limited. PX35 M. Radwan trans. at 42:15-43:20. |
| 32 | Admit. |
| 35 | Deny to the extent the FTC implies that Mazen Radwan is actively changing his name in connection with student loan debt relief businesses. Mazen goes by Mike or Michael in most of his business dealings. Dkt. 131-4. M. Radwan Declaration ¶22. |
| 36 | Admit. |
| 37 | FTC's support or authority does not indicate Mazen handled Corporate Defendants' tax filings, merely that he was kept up to date if the student loan companies were doing well financially. PX35 (M. Radwan Transcript at 31:7-10). |
| 38 | Objection Vague and Non-Specific.<br><br>Deny as its attempts to connect opening a bank account to intimate dealings with the student debt relief businesses. Mazen Radwan may have opened the accounts at the banks but did not handle money going into or out of the student debt relief businesses. Dkt. 131-4. M. Radwan Declaration ¶¶4-7; Dkt. 131-2. R. Radwan Declaration ¶¶12-13. |
| 39 | Admit. |
| 40 | Admit that Mike Radwan signed in corporate capacity.  Exhibit C  ¶9 |
| 41 | Admit. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 42 | Objection: Vague and Non-Specific.  Deny as to all of Corporate Defendants. Dkt. 131-4. M. Radwan Declaration ¶¶4-7.<br><br>Deny as to Mazen's involvement with the student loan debt companies. Mazen played a role of intermediary one time because the processer did not like dealing with women. Dkt. 131-4. M. Radwan Declaration ¶8; PX35, M. Radwan Trans. at 123:12-19. |
|---|---|
| 43 | Admit. |
| 44 | Deny as to Mazen Radwan actively participating in any meetings for the purpose of managing the student loan businesses. Dkt. 131-4. M. Radwan Declaration ¶¶4-7; Dkt. 131-2. R. Radwan Declaration ¶25a. |
| 45 | Denied. Vague, Overly Broad.  Mazen did not provide the initial funding for the student debt relief businesses., just some of the funding Dkt. 131-2. R. Radwan Declaration ¶15; PX35 M. Radwan trans. at 15:3-8, 16:14-18. |
| 46-47 | Admit. |
| 49 | Mazen never received BBB complaints, just heard about them second hand and was aware Ken Martinez was causing problems. PX35 M. Radwan trans. at 65:9-15, 78:23-79:4. |
| 50, 54, 57, 60, 128 | Deny to the extent the FTC seeks to characterize Rima as an active manager in Dark Island, Dkt. 131-4. M. Radwan Declaration ¶¶4-5; Dkt. 131-2. R. Radwan Declaration ¶12. |
| 51-53 | Admit. |
| 55-56 | Admit. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED
FACTS AND PROPOSED FINDINGS OF FACT AND LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 57 | Admit. However, the undisputed evidence shows that Rima Radwan had no choice but to sign on the corporate bank accounts because the bank required all owners to sign as officers. Dkt. 131-4. M. Radwan Declaration ¶¶4-5; Dkt. 131-2. R. Radwan Declaration ¶14b.  Rima Radwan had American Express credit card only for FDG and Elegant. |
|---|---|
| 58-59 | Admit. |
| 60, 71 | Admit but this is irrelevant because Ms. Radwan was employed for about 6 to 7 months in 2011 at StudentLoanProcessing Exhibit A, R. Radwan Dec.¶ 2(a). |
| 61-70 | Admit. |
| 72 | Irrelevant. Lacks foundation.  FTC provides no evidence the settlement was "found on Rima Radwan's work computer" but merely relies on the fact that Rima "presumed" Robert Bare sent her a copy. |
| 73 | Deny as to the characterization that Rima received voluminous complaints. Every company receives complaints.

Rima handled complaints that were escalated to the BBB or attorney general's office. These complaints focused on issues unrelated to the claims made in this lawsuit. Dkt. 131-2. R. Radwan Declaration ¶¶26-27a-d. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED
FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 74, 78, 83 | Deny to the extent that the FTC seeks to characterize Robbins as an active manager or that he had the ability to control substantive policies or procedures. Robbins merely operated the IT infrastructure for the companies Dkt. 131-4. M. Radwan Declaration ¶¶4-5; Dkt. 131-3 Robbins Declaration ¶¶11-12.<br><br>Deny as it attempts to characterize Robbins as an active manager of Dark Island. Robbins did some IT support work for Dark Island. Dkt. 131-4. M. Radwan Declaration ¶¶4-5; Dkt. 131-3 Robbins Declaration ¶¶11-12.<br><br>The undisputed evidence shows that Dean Robbins had no choice but to sign on the corporate bank accounts because the bank required all owners to sign as officers. Dkt. 131-4. M. Radwan Declaration ¶¶4-5; Dkt. 131-2. R. Radwan Declaration ¶12. |
| --- | --- |
| 75-77 | Admit. |
| 79-81 | Admit. |
| 82 | Object as to vague and non-specific as to which CRM's Robbins maintained.<br><br>Robbins maintained the separate CRM's for Elegant and for Trend.<br><br>Exhibit B, Robbins Dec.¶¶84, 87-88, 90-95. |
| 84-93 | Admit. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 93, 94, 97, 99, 128 | Labiba's role was human resources and payroll, not management or level of officer. PX37 L. Radwan trans. at 22:12-15.<br><br>The undisputed evidence shows that Labiba Radwan had no choice but to be designated as a "Director of Operations" because ADP would not process paperwork submitted for payroll unless Labiba was designated a "Director of Operations." Further deny to the extent the FTC seeks to characterize Labiba as having control, ownership, or managing power within any of the student debt relief companies. Dkt. 131-5 L. Radwan Declaration ¶¶5, 6, 9 and 12; Dkt. 131-2. L. Radwan Declaration ¶25e; Deny as to any Labiba having any control, ownership, managing power, or holding herself out as Director of Operations for Dark Island Industries. Dkt. 131-4. M. Radwan Declaration ¶¶4-7; Dkt. 131-5 L. Radwan Declaration ¶¶5, 6, 9, and 12; R. Radwan Declaration ¶¶16 and 25e.<br><br>Labiba did not develop strategies or implement strategic plans for the business. She merely assisted in the process of hiring and firing people. Further, she did not develop training material, scripts or train new employees.  L. Radwan trans. at 28:18-29:24. |
| --- | --- |
| 95-96 | Admit. |
| 98 | Admit. |
| 100-101 | Admit. |
| 102 | Labiba was unaware of enforcement actions. PX37 L. Radwan trans. at 68:3-18. |
| 103 | Labiba was aware that attorney general actions were filed and that consumers might be claiming that there was a scam, but she testified that "everybody's a scam." L. Radwan at 148-149. |
| 104 | Admit. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | |
|---|---|
| 105 | Object.  Irrelevant.  Should be stricken. SLSM was not named a company in this lawsuit. Otherwise Deny. The relevant companies are Elegant and Trend. |
| 106-109, 112-116, 118 | Object.  Irrelevant.  . "D.O.R.M. Group" d/b/a SLS Managers is not a named defendant in this lawsuit. The statement is also incomplete because DORM was part of a lawsuit with a former partner.  The relevant companies are Elegant and Trend. The relevant companies are Elegant and Trend whose policies and procedures were different.<br><br>The statement is also incomplete as state law was much more restrictive than federal law. Defendants were unaware of the law. There was a no admission of liability provision in the Consent Decree. |
| 110-111 | Admit. |
| 117 | Object.  Irrelevant.  Lacks foundation/authenticity. D.O.R.M. Group d/b/a SLS Managers is not a named defendant in this lawsuit. The relevant companies in this case are Elegant and Trend, which were not in existence at that time, and whose policies were different   The statement is also incomplete as state law was much more restrictive than federal law.  Defendants were unaware of the law. There was a no admission of liability provision in the Voluntary Compliance. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | |
|---|---|
| 119-121 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity.. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶ 12, 436; **Exhibit B**, D. Robbins ¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23   Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.   **Exhibit C**, M. Radwan Dec.¶ 8. |
| | Deny.  There was no connection between the decision to re-brand DORM and the state law enforcement actions. PX 35 M. Radwan trans. at 36:18-25 ( Mazen Radwan does not know why they decided to rebrand, it was Rima's decision); PX. 39 Lopez trans. at 92:19-93:2 (Defendants were having problems with third parties not paying accounts properly, however the stigma was held over the company, and that's why it was rebranded. Not because Defendants were not paying consumers. Lopez mentions nothing about North Carolina). |
| | Object as to lack of time frame and foundation.  Daisy Lopez was not a decision maker on this issue. Defendants were having problems with third parties not paying accounts properly, not the Defendants not paying accounts. PX 39 Lopez trans. at 92:19-93:2. |
| | Object to the extent that the FTC assumes wrongdoing by any Defendant or any assumption that issues with non-payment by third party processors were due to any illegal acts or wrongdoing. 131-2. R. Radwan Declaration ¶¶21, 62-63.  In fact, service agreements for Elegant and prior companies specifically advised consumers that they were ultimately responsible for payments being made by themselves or through third party processors.  Moreover, Rima Radwan wanted to learn and ensure that the student debt relief companies were in line with new laws and rulings coming from the "Game of Loans" sweep. 131-2. R. Radwan Declaration ¶¶45-49 |
| 122-128 | Admit. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 129-130 | Deny. Vague. No time frame and Non-Specific. The only companies relevant to this lawsuit are Elegant and Trend Elegant, Trend and RCC were at the same address but <u>different</u> offices. R. Radwan Declaration ¶¶13, 17. Heritage and Tribune did not maintain offices after Elegant and Trend were formed. |
|---|---|
| | Deny. There were two different office locations. PX 36 Robbins trans. at 24:19-25:2. |
| | Deny. Vague. No time frame and non-specific as to individual versus corporate defendants.  The only companies relevant to this lawsuit are Elegant and Trend.Elegant, Trend and RCC maintained offices separately.  R. Radwan Declaration ¶¶13, 17; Dkt. 131-4. M. Radwan Declaration ¶12. Heritage and Tribune had separate offices while they were operating but did not maintain offices after Elegant and Trend were formed. |
| 131 | Deny. Vague. Non-Specific Lack of time frame.  The only companies relevant to this lawsuit are Elegant and Trend.  There were no employees that worked for both the student debt relief companies and Dark Island Industries except to perform ancillary IT and HR support.  Rima Radwan was the operating officer for Elegant, Trend and prior student loan debt relief companies. |
| | Sanchez and Lopez indicate that some employees stayed with the company after the rebrand and some didn't. This does not indicate that all corporate defendants had the same employees. PX 38. Sanchez trans. at 141:11-24 and PX 39 Lopez trans. at 92:4-18. |
| 132 | Deny. Lacks foundation/authenticity/hearsay. No funds were commingled between the student debt relief businesses or Dark Island Industries. Exhibit B. D. Robbins ¶17; Exhibit A, R. Radwan¶15. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 133 | The database software was the same between companies but each company had a separate database with a separate interface. PX 36 Robbins trans. at 47:16-48:6. |
| --- | --- |
| 134 | Deny.  Lacks foundation/authenticity/hearsay. Also improper conclusion barred by Rule 26(a)(2), F.R.Evid. 701, 703.  Dark Island Industries had separate accounts and re-invested profits into its own business. No money from the debt relief companies was used to invest in or create Dark Island Industries. 131-4. M. Radwan Declaration ¶¶12-13; 131-2. R. Radwan Declaration ¶¶13,16-17; 131-3 Robbins Declaration ¶21. |
| 135 | Admit. |
| 136 | Deny.  Lacks foundation/authenticity/hearsay. Also improper conclusion barred by Rule 26(a)(2), F.R.Evid. 701, 703.  About $400,000 from the sale of Eswype was used to capitalize RCC and each owner contributed $50,000, in personal funds<br><br>Rima Radwan indicates that personal funds were used to contribute but not that the funds were from debt relief companies. Further, defendants took the money they contributed back out of RCC. PX 34 R. Radwan trans. at 96:22-98:14. |
| 137 | Deny. Dark Island did not contract with EDU STUDENT LOAN or AFTS to process payments for student loan debt relief services. 131-4. M. Radwan Declaration ¶¶12-13; 131-2. There was a paperwork error. To the extent that there was a "contract", the parties recognized a mutual mistake PX 36 Robbins trans. at 218:14-220:3. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | 138-139 | Object Vague. Failure to identify contract. Lacks foundation/authenticity/hearsay There was a paperwork error. To the extent that there was a "contract", the parties recognized a mutual mistake.  PX 36, Robbins Depo. at 218:14-220:3. |
|---|---|---|
| | | Object Vague, Failure to identify which entity received invoices. Lacks foundation/authenticity/hearsay Deny that individual defendants received invoices in their individual capacities.  Admit that AFTS may have mistakenly generated invoices to one of the companies. As the FTC knows from prior motions, Dkt. 104, there was a paperwork error that took some time to correct.  However, the FTC well knows that AFTC's Compliance Officer, Jason Feldman, acknowledged on September 14, 2019 that Dark Island was not a customer and that there was a paperwork mistake.  Dkt. 104, at Ex. 16. |
| | 140 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity.. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175;  **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  .  **Exhibit C**, M. Radwan Dec.¶ 8, |
| | | Object Vague. Lack of time frame. Deny the extent that the FTC seeks to  characterize that Dark Island used the internet for conducting student debt relief operations. 131-4. M. Radwan Declaration ¶¶4-7 and 12-13; 131-2. R. Radwan Declaration ¶¶13,16-17; 131-3 Robbins Declaration ¶21.  Dark Island obtained the lease for 3 Studebaker and became a landlord for Trend and Elegant.  As a landlord, RCC had a company run cable lines so that sub-tenants could connect up to the internet. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 141-148 | Admit. |
|---|---|
| 149 | Deny Vague. Objection relevance.  Deny as to Individual Defendants. The only relevant companies are Elegant and Trend. Also deny as it applies to Dark Island. Dkt. 131-4. M. Radwan Declaration; Deny as to Trend, which did not conduct "outbound sales." Deny as to Individual Defendants who were not acting in their individual capacities.  Admit as to Elegant. |
| 150 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity.. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  .  **Exhibit C**, M. Radwan Dec.¶ 8. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 151 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Objection; Non-Specific as to companies. The only relevant companies are Elegant and Trend.  The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading.   Exhibit B, Robbins Dec. ¶¶ 83-137.  *Canada v. Blain's Helicopters, Inc*. 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Petroleum Sales, Inc v. Valero Refining Co.*, 2006 US Dist Lexus 90419, at \*32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); *U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co.*, 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness."); See *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  See Exhibit A to this Response. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 152 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24;  **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| | |
| | Object as Non-Specific as to companies. No evidence to support that RCC had telemarketers or scripts.  It did not.  Exhibit C; M. Radwan ¶20. Object, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. |
| | |
| | No evidence that scripts cited were from Elegant or Trend.  They were not.  Exhibit A; R. Radwan Dec. at ¶24. By definition, scripts are guidance. |
| | |
| | Minor deviations are irrelevant and immaterial.  The FTC's failure to produce the recorded initial sales calls would show that any deviations were immaterial because clients were given accurate information. |
| 153 | Admit. Object to the cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 154 | Object Vague, Overly Broad, Relevance. Deny as to Individual Defendants and RCC**.** Deny as to individual defendants**. Exhibit A**, R. Radwan Dec. ¶ 436; **Exhibit B**, D. Robbins ¶ 175; **Exhibit C**, M. Radwan Dec.¶ 24;  Exhibit _, **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. |
| :--- | :--- |
|  | Defendants company policy was to provide incorrect information regarding loan forgiveness programs. Dkt. 131-2. R. Radwan Declaration ¶¶49, 130, 213, 234, 304, 316, 342, and 350.  It is not unusual for clients to misinterpret or misunderstand information. Exhibit A, R. Radwan Dec. ¶¶ 106-375 (PX 1-19). |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 155 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Objection:  The cited portion of the declaration of FTC Investigator Goldstein is without foundation.  The FTC disclosed declarations of Richard Kaplan, Calvin Brown and Ajay Patel, identifying them as certified forensic computer specialists. These individuals reportedly forensically located and imaged documents taken from the Corporate Defendants.  The Court should exclude the testimony of these three witnesses because they were clearly not timely disclosed under Rule 26(a)(2). Their foundational testimony is also not listed in Plaintiff's Statement of Material Facts.<br><br>Objection, lack of foundation; Relevance. The only relevant companies are Elegant and Trend.  Corporate Defendants may have discussed loan forgiveness as an option, but verified consumers information or used information consumers provided. Dkt. 131-2. R. Radwan Declaration ¶¶49, 130, 213, 234, 304, 316, 342, and 350.<br><br>Per the FDG service agreement (Sections 1-3), programs may be discussed but are  subject to being approved by the DOE. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 156 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec. ¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec. ¶ 8.<br><br>All consumers did receive a lower payment as shown by the consumer declarants identified by the FTC. |
|---|---|
| 157 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec. ¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec. ¶ 8.<br><br>Irrelevant: Having a lower payment does not violate the FTC Act. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW

| 158 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Irrelevant: There is nothing unlawful about talking about income based repayment programs. |
| --- | --- |
| 159 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Irrelevant: There is nothing unlawful about talking about income based repayment programs. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 160 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Irrelevant: There is nothing unlawful about talking about income based repayment programs.

Objection: Lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | | |
|---|---|---|
| 161-163, 214 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec. ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec. ¶ 8. | |

The Consumer Declarants don't explain what was said, when it was said or why they understood there would be no fees, either because they did not remember or other reasons.   Corporate Defendants disclosed an estimate of all fees and payment breakdown to consumers prior to consumers signing a contract with Defendants. 131-2 R. Radwan Declaration  ¶¶ 28, 29, 31, 33, 37, and 43.

Moreover, consumers were aware or should have been aware of the fees prior to signing a contract with Defendants. Dkt. 12-1 at 5 (Avant admitted his fees were $200-$400 per year); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170; Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees in payment breakdown); Dkt. 12-4 at 110 (Sickel's contract states fees in payment breakdown).

Object Vague, Relevance, Non-specific as to companies.  The only relevant companies are Elegant and Trend. Object, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. Otherwise Admit.   Defendants disclosed all estimate fees and payment breakdown to consumer prior to consumers signing a contract with Defendants. 131-2 R. Radwan Declaration  ¶¶ 28, 29, 31, 33, 37, and 43. Dkt. 12-1 at 5 (Avant admitted his fees were $200-$400 per year); Dkt. 12-1 at 10 (Avant's contract states fees in payment breakdown); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170; Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at 10 (Brockel's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

in payment breakdown); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown); Dkt. 12-4 at 69 (Smith's contract states fees in payment breakdown); Dkt. 12-4 at 110 (Somers' contract states fees in payment breakdown); Dkt. 12-4 at 145 (Taylor's contract states fees in payment breakdown); Dkt. 12-4 at 170 (Thompson's contract states fees in payment breakdown).

Denied as to Corporate Defendants who disclosed all fees and payment breakdown to consumer prior to consumers signing a contract with Defendants. 131-2 R. Radwan Declaration ¶¶ 28, 29, 31, 33, 37, and 43.

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | 164-166,<br>170, 214 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |

Objection Argumentative (as to what is "hefty", Vague (Initial sales pitch is not defined or described), Relevance.  The only relevant companies are Elegant and Trend.  Objection, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. Denied as to Corporate Defendants because scripts did instruct sales representatives to disclose management and processing fees to consumers. Dkt. 131-2. R. Radwan Declaration ¶¶28, 29, 31, 37, 43, 43b, and 44o; Dkt. 131-7 – Sanchez Deposition Transcript at 11, 15-16.

Corporate  Defendants disclosed all fees and payment breakdown to consumer prior to consumers signing a contract with Defendants. 131-2 R. Radwan Declaration  ¶ 28, 29, 31, 33, 37, and 43. Otherwise Denied. Consumers fees were consistent with what was quoted in the contract signed by consumers. Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170 (Bishop received an email with a fee breakdown that was consistent with her contract); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown; Dkt. 12-4 at 110 (Somers' contract states fees in payment breakdown).

Corporate Defendants disclosed all fees prior to signing a contract with Defendants. Dkt. 12-1 at 5 (Avant admitted his fees were $200-$400 per year); Dkt. 12-1 at 10 (Avant's contract states fees in payment breakdown); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170; Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

10 (Brockel's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees in payment breakdown); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown); Dkt. 12-4 at 69 (Smith's contract states fees in payment breakdown); Dkt. 12-4 at 110 (Somers' contract states fees in payment breakdown); Dkt. 12-4 at 145 (Taylor's contract states fees in payment breakdown); Dkt. 12-4 at 170 (Thompson's contract states fees in payment breakdown).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 167 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|---|---|
| 168, 181 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Objection relevance.  The only relevant companies are Elegant and Trend. The alleged incident occurred in or about October 2016 before Elegant and Trend and is not reflective of Elegant and Trend's policies and practices. Dkt. 12-4 at 139-162.<br><br>Corporate Defendants did not represent that they had purchased consumers student loans, only that the loans would be consolidated and managed by Defendants. Dkt. 131-2. R. Radwan Declaration ¶49. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 169-170 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. Objection, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. |
| --- | --- |
|  | Objection.  Vague & Non-Specific as to which defendant (if any) or when the representation was made.  Deny as to Individual Defendants and RCC   Robbins, R.Radwan, L. Radwan, M.Radwan.   This statement was part of a script by SLSM accurately reflected the fact that the Department of Education.  Exhibit A, R. Radwan Dec.. ¶ 80, which states: "This portion of the script was accurate back in 2013-mid 2015 because back then, the DOE was not contracting out consolidation servicing through the direct loans program. In mid-2015 the DOE contracted out servicing due to the high volume in demand and being backlogged to 4 specific servicers which at that point we changed our scripts. Those servicers were Fed Loan, Navient, Great Lakes and Nelnet." |
| 171 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 172 | Deny as to individual defendants who acted in a corporate capacity, or Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| 173 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 174 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Object Vague ("pre-filled" is not defined or described); Objection relevance.  Objection relevance.  The only relevant companies are Elegant and Trend. Objection: the FTC provides citations that do <u>not</u> support this claim.  The following consumer declarants: Brockel, Bursey, Cooper, Sanker, Somers, Taylor or Thompson do not testify about whether the contract was "pre-filled" or not. Otherwise Partially Admit and Partially Deny. Some basic information was typically taken to determine if the consumer needed or might benefit from Elegant's services Consumers data (name, age, job, address and monthly income, the number and amount of student loans) was filled in each Service Agreement prior to emailing.  The representative typically did not calculate the monthly amount due until the consumer indicated an interest in what program they might qualify. Regardless, the consumer still had to review and sign each page, including the amounts to be paid and their payment breakdown. Dkt. 12-1 at 184; Dkt. 12-4 at 63.  Some consumers did not read carefully. Dkt. 12-1 at 184; Dkt. 12-4 at 103. |
| --- | --- |
| 175 | Admit. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 176 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. <br><br> Objection relevance, misleading.  The only relevant companies are Elegant and Trend. In fact, the fee amounts offered by Corporate Defendants were on the first page of the service agreement, or the second page of the overall packet. 12-1 at 10, 85, 190; 12-2 at 10, 28; 12-3 at  93; 12-4 at 69, 110, 145, 170. |
| 177 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. <br><br> Otherwise Deny.  The Docusign did not "jump" from signature block to signature block. The docusign would force consumers to read through the entire agreement and check a box before being able to sign the document. Robbins does not indicate that it would not allow consumers to scroll through each page. In fact he says "It pulls the page onto the screen for review." Further, Robbins modified the software so that it would not skip pages and that the consumers would have to sign every single page so that every page was viewed by the consumer before signing it. PX 36 Robbins trans. at 208:23-217:8.  Customer service representatives would walk consumers through the contract with the contract open. Dkt. 131-2. R. Radwan Declaration ¶¶28, 29, 31, 37, 43, 43b, and 44o; Dkt. 131-7 – Sanchez Deposition Transcript at 11, 15-16.  Each page had to be initialed before proceeding to the next page. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 178 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|---|---|
| | Objection relevance.  The only relevant companies are Elegant and Trend.  <u>Corporate Defendants object because the consumer declarations do not state what was promised to them.</u>  PX1-19. Moreover, all consumer declarants did receive lower monthly payments through Corporate Defendants.  Consumers who did not qualify for loan forgiveness were not offered loan forgiveness. Dkt. 131-2. R. Radwan Declaration ¶¶49, 130, 213, 234, 304, 316, 342, and 350. |
| | The Service Agreemens plainly state what the consumers monthly payment to Defendants was and the breakdown of fees. Consumers could not have *reasonably* expected anything else. Dkt. 12-1 at 10 (Avant's contract states fees in payment breakdown); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170; Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at 10 (Brockel's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees in payment breakdown); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown); Dkt. 12-4 at 69 (Smith's contract states fees in payment breakdown); Dkt. 12-4 at 110 (Somers' contract states fees in payment breakdown); Dkt. 12-4 at 145 (Taylor's contract states fees in payment breakdown); Dkt. 12-4 at 170 (Thompson's contract states fees in payment breakdown). |
| | Consumers asked for and were enrolled in programs that minimized their student loan payments per month. Dkt. 12-1 at 131-132 (Bennett was enrolled in an IBR program); Dkt. 12-1 at 190 (Bishop was enrolled in a PAYE program); Dkt. 12-2 at 41 (Bursey was enrolled in |

an IBR program); Dkt. 12-2 at 104-106 (Cooper was in a Loan Budget Advancement Program); Dkt. 12-2 at 115-117 (Fleming was in a Loan Budget Advancement Program); Dkt. 12-3 at 41-46 (Horejs was in an IBR program); Dkt. 12-3 at 159-160 (Sanker was in a PAYE program); Dkt. 12-4 at 89-90 (Smith was in a LBA program); Dkt. 12-4 at 189-190 Thompson was in a Pay as You Earn program).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 179-180 | Admit. |
|---|---|
| 181 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| 182, 193, 198 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Objection relevance. The only relevant companies are Elegant and Trend.  Pursuant to the Service Agreements, Corporate Defendants were <u>not</u> responsible for payment of student loan amounts to the Lenders. Exhibit A, Rima Radwan Amended Declaration ¶ 19 (d) . Corporate Defendants did have problems with PAN and other third party processors responsible for payment of student loan amounts to the Lenders.  Dkt. 131-2 R. Radwan Declaration ¶¶21, 62, 82, 96, 107, 117, 184, 186, and 261.  An audit was undertaken and 80% of all accounts were audited as of July 10, 2018 and loan amounts paid to Lenders when the Receiver raided the premises. |

| 183 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| | Objection vague, relevance.  The only relevant companies are Elegant and Trend.   Corporate Defendants deny.   In their declarations, consumers fail to state what they were promised in terms of specific lower monthly amounts.  However, each consumer reduced their prior payments through Corporate Defendants services. Moreover that the contracts state what the amount of the consumers monthly payment and the breakdown of fees. Consumers could not have reasonably expected anything else. Some of the consumers were in programs that had $0 per month going towards student loans. Dkt. 12-1 at 10 (Avant's contract states fees in payment breakdown); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170; Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at 10 (Brockel's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees in payment breakdown); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown); Dkt. 12-4 at 69 (Smith's contract states fees in payment breakdown); Dkt. 12-4 at 110 (Somers' contract states fees in payment breakdown); Dkt. 12-4 at 145 (Taylor's contract states fees in payment breakdown); Dkt. 12-4 at 170 (Thompson's contract states fees in payment breakdown). |
| | Object to Scott Lause's declaration as lacking foundation and is hearsay.  He also renders expert opinions for which he is not qualified (Fed.R.Evid. 701, 701 and for which he was not disclosed.  Fed.R. Civ. P. 26(a)(2).   See Exhibit A to this Response to Plaintiff's Statement of Material Facts. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED
FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

Object to Connor Geiran's declaration as lacking foundation and is hearsay. The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading. Exhibit B, Robbins Dec.¶¶ 83-137. *Canada v. Blain's Helicopters, Inc.* 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Petroleum Sales, Inc v. Valero Refining Co.*, 2006 US Dist Lexus 90419, at *32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); *U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co.*, 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness.")   ; See *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  *See* Exhibit A to this Response.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 184 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|     | Objection Relevance & Foundation. The only relevant companies are Elegant and Trend.  Statistics from before July 2016 without specific named clients are not relevant to performance by different companies (i.e. Elegant) after November 2017.   Moreover, the fact that the ultimate final payment was higher than the original estimate is because the plan is approved by the Department of Education, which is not bound by an estimate or quotation.  As to Elegant, all consumers had a monthly payment that was less than or equal to what was initially quoted to them by customer service representatives. Dkt. 131-2. R. Radwan Declaration ¶42, 177, 193, 230, 244, 256, 269, 283, 297; Dkt. 131-3 Robbins Declaration ¶¶118, 135-136. |
|     | The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading.  Exhibit B, Robbins Dec.¶ _.  Canada v. Blain's Helicopters, Inc. 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); Petroleum Sales, Inc v. Valero Refining Co., 2006 US Dist Lexus 90419, at *32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co., 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness.")   ; See United States v. Morales, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | |
|---|---|
| | disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  See Exhibit A to this Response. |
| 185, 193 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Object as to vague and unsupported. FTC says Defendants "frequently" sought forbearance but only provides only 3 consumer declarations to support this fact. Forbearance was only sought in cases in which the consumer qualified. Dkt. 131-2. R. Radwan Declaration ¶¶49, 130, 213, 234, 304, 316, 342, and 35;  The consumers were notified of forbearance. Dkt. 12-3 at 53 (Horejs received email indicating he was in a temporary forbearance).  Moreover, forbearance was necessary while applying for the program that best suited the consumer.  Ex. A R. Radwan Dec. at ¶ 20b. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 186, 193 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|---|---|
| | The only relevant companies are Elegant and Trend. Object to hearsay from Servicers to consumers regarding the alleged status of loans or statements about Corporate Defendants. The Court should trust only Corporate Defendants' business records showing the actual terms of the IDR.  Deny as to any characterization consumers were not aware of how much of their monthly payment to Defendant would go towards their student loans or the terms of their IDR. 131-2 R. Radwan Declaration  ¶¶ 28, 29, 31, 33, 37, and 43; Dkt. 12-1 at 5 (Avant admitted his fees were $200-$400 per year); Dkt. 12-1 at 10 (Avant's contract states fees in payment breakdown); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 170; Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees in payment breakdown); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown). |
| | Object to Scott Lause's declaration as lacking foundation and is hearsay.  He also renders expert opinions for which he is not qualified (Fed.R.Evid. 701, 701 and for which he was not disclosed.  Fed.R. Civ. P. 26(a)(2).   See Exhibit A to this Response to Plaintiff's Statement of Material Facts. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 187 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| --- | --- |
|  | Object to hearsay from Servicers to consumers regarding the alleged status of loans or statements about Corporate Defendants. The Court should trust only Corporate Defendants' business records showing the actual terms of the IDR. Object, lack of foundation. Corporate Defendants either verified consumers information or relied on information consumers provided. Dkt. 131-2. R. Radwan Declaration ¶¶49, 130, 213, 234, 304, 316, 342, and 350.  Consumers information was not misrepresented, the contracts prove this. Dkt. 12-1 at 10 (Avant's payment was not $0. Attachment A shows $208.69 was being allocated to his loans and his income was $70,000); Dkt. 12-3 at 93 (Sanker's payments were not $0. Attachment A shows $76.46 was being allocated to her loans and her income was $35,000); Dkt. 12-4 at 69 (Attachment A indicates Smith's payment would be $0 and her income was only $20,400); (Dkt. 12-4 at 170 (Attachment A indicates Thompson would be paying $10 a month toward his loans and that his income was only $14,400). |
|  | Object to Scott Lause's declaration as lacking foundation and is hearsay.  He also renders expert opinions for which he is not qualified (Fed.R.Evid. 701, 701 and for which he was not disclosed.  Fed.R. Civ. P. 26(a)(2).  See Exhibit A to this Response to Plaintiff's Statement of Material Facts. |
|  | Object to cited portion of Receiver's Report as lacking foundation, hearsay.  The Receiver is not qualified to render expert opinions and was not disclosed per Rule 26(a)(2).  See Rule 56(d) Declaration of Counsel |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | | |
|---|---|---|
| | 188 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Deny as to the characterization of falsely representing a consumer as unemployed. Defendants consolidated loans and applied for certain programs based off of information that was provided to them by consumers. Dkt. 131-2. R. Radwan Declaration ¶¶28, 34e, 44f, 49, 106. FTC misstates Daisy Lopez transcript at 56:14. On the next page, Lopez denied there was any practice of misrepresenting consumer income.  Lopez Depo at 57, 1.6-13. <u>Lopez testified that there was an employee who she believed was responsible</u> for not preparing applications income based applications correctly and she was disciplined.   Lopez Depo at 114-117; Exhibit G, Daisy Lopez Dec. ¶ 6. |
| | 189 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>The agenda cited by the FTC was for SLSM.  Daisy Lopez testifies that she did not author the agenda and it was not SLSM's policy. Exhibit G, Lopez Dec.¶¶ 5-12 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 190 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|  | The FTC did not provide Ms. Lopez with access to the CRM to review these files during deposition which made "my review inconclusive as the paper files provided to me as exhibits are not consistent with the clients account in the CRM.   Exhibit G, Daisy Lopez Dec.¶ 5.   Ms. Lopez told the FTC in her deposition that she had an issue with an employee named Thanh-Thanh Nguyen who was not filing the income-based repayments correctly and who was leaving out the income verification documents. Mrs. Nguyen was an employee for about a year and a half. We parted ways with Mrs. Nguyen around February 2019. Exhibit G Daisy Lopez Dec.¶ 5 Ms. Lopez took action and had employees go back and look for any files that Thanh-Thanh had processed and had the employees correct those additional documentation of income filings. Exhibit G Daisy Lopez Dec.¶ 6.   It is important to note that the company corrected any misinformation that happened either "on our side or on the servicer's side' filing additional correction documents and refiling of certifications. corrected a lot of mistakes that our client's servicers would make all the time. Exhibit G Daisy Lopez Dec.¶ 7.   There is no harm or penalty to a client when we have to correct the missteps of servicers or our employees. Exhibit G, Daisy Lopez Dec.¶ 8. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 191 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Object: Lack of Foundation. The cited transcript of Labiba Radwan reflect she was shown a document but that she did not testify about the substance of the document and testified that she had little, if any familiarity with loan processing procedures.  PX 37 L. Radwan trans. at 22:12-15; 28:18-29:14. |

| 192 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading.  Exhibit B, Robbins Dec. ¶¶ 83-137.  Canada v. Blain's Helicopters, Inc. 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); Petroleum Sales, Inc v. Valero Refining Co., 2006 US Dist Lexus 90419, at *32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co., 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness.")  ; See United States v. Morales, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  See Exhibit A to this Response.  This testimony should be excluded. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 193 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| --- | --- |

The alleged facts are contradicted by the consumers. Dkt. 12-1 at 10 (Avant's contract states $208.69 was going to his loans); Dkt. 12-1 at 85 (Bennett's contract states fees in payment breakdown); Dkt. 12-1 at 131-133 (Bennett received an email indicating she was in an IBR program with a $0 payment per month); Dkt. 12-1 at 170 (Bishop received an email indicating she was in a PAYE program with a $0 monthly payment); Dkt. 12-1 at 190 (Bonilla's contract states fees in payment breakdown); Dkt. 12-2 at 10 (Brockel's contract states fees in payment breakdown); Dkt. 12-2 at 28 (Bursey's contract states fees in payment breakdown); Dkt. 12-2 at 115-117 (Fleming was enrolled in a Loan Budget Protection Program and her loans were consolidated); Dkt. 12-3 at 93 (Sanker's contract states fees in payment breakdown); Dkt. 12-4 69 (Smith's contract states fees in payment breakdown); Dkt. 12-4 at 110 (Somers' contract states fees in payment breakdown); Dkt. 12-4 at 125-127 (Attachment C indicates Somers was in a Pay as Your Earn program and indicates how her payments were and how the money was being allocated); Dkt. 12-4 at 145 (Taylor's contract states fees in payment breakdown); Dkt. 12-4 at 170 (Thompson's contract states fees in payment breakdown).

Exhibit G, Lopez Depo at 57, l.6-13; Exhibit G, Lopez Dec. ¶ 5-12 Lopez testified that there was an employee who she believed was responsible for incorrectly preparing IDR's when a client had an income and later had the applications corrected.   Exhibit G Lopez Depo at 114-117; Exhibit G, Daisy Lopez Dec. ¶ 6.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 194, 206-208, 211 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| --- | --- |

Denied as to Individual Defendants and RCC. Robbins, R.Radwan, L. Radwan, M.Radwan.  All consumer funds were placed into a trust account until the consolidation was made. Dkt. 131-2. R. Radwan Declaration ¶85b.

Objection: The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading. **Exhibit B**, Robbins Dec.¶ ¶ 83-137.  Canada v. Blain's Helicopters, Inc. 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); Petroleum Sales, Inc v. Valero Refining Co., 2006 US Dist Lexus 90419, at *32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co., 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness.")   ; See United States v. Morales, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  See Exhibit A to this Response.  This testimony should be excluded.

Denied as to any characterization that Defendants actions were improper. Defendants removed fees that it had earned. Dkt. 131-2. R. Radwan Declaration ¶¶54-55.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

Admit that fees were withdrawn as a result of the audit. Defendants only took fees from client's trust account that were earned. Dkt. 131-2. R. Radwan Declaration ¶¶37, 43b, 53-55.

| 195-196 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|---|---|
| | Objection: The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading. **Exhibit B,** Robbins Dec.¶ 83-137.  *Canada v. Blain's Helicopters, Inc*. 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Petroleum Sales, Inc v. Valero Refining Co.*, 2006 US Dist Lexus 90419, at *32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); *U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co*., 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness.")   ; See *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  See Exhibit A to this Response.  The testimony should be excluded. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 197 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Prior corporate defendants did have problems with some processers which resulted in consumers not having payments timely made on their behalf. Dkt. 131-2 R. Radwan Declaration ¶¶21, 62, 82, 96, 107, 117, 184, 186, and 261. Corporate defendants undertook an audit of the accounts and corrected this situation for about 80% of the accounts prior to filing of this action by the FTC. Exhibit G, Daisy Lopez Dec. ¶¶13, 19 and 21. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 198 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| :--- | :--- |
| | Deny as to Individual Defendant, Elegant, Trend and RCC.  Robbins, R.Radwan, L. Radwan, M.Radwan.    The only relevant companies are Elegant and Trend.   Objection Vague, Argumentative. Corporate Defendants attempted to fix the problems with third party processors as fast and efficiently as possible terminating and suing PAN, engaging and later termination other processors who they thought could timely pay the Lenders.  Dkt. 131-2 R. Radwan Declaration ¶¶21, 62, 82, 96, 107, 117, 184, 186, and 261.  Corporate defendants brought the processing in house and audited the accounts to make sure that all amounts held on behalf of clients was accounted for and loans paid to Lenders.  *Id.* |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 199-200, 202, 205 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|---|---|
| | Admit that Defendants did conduct an audit in 2018 in order to assure that funds held in trust were paid to the Lenders and distribute correctly. Dkt. 131-2. R. Radwan Declaration ¶¶63 and 65.  The FTC has not produced any evidence to the contrary. |
| | The statistics from Mr Geiran are derived from unauthenticated documents and which are incomplete and misleading.  Exhibit B, Robbins Dec.¶ 83-137.  *Canada v. Blain's Helicopters, Inc.* 831 F.3d 920, 925 (9th Cir. 1987) (9th Circuit has "consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); *Petroleum Sales, Inc v. Valero Refining Co.*, 2006 US Dist Lexus 90419, at *32 (N.D. Cal. Dec. 14, 2006); Fed. R. Evid. 803(6); *U-Haul Intl, Inc. v. Lumbermans Mut.Cas. Co.*, 576 F.3d 1040,1043 (9th Cir. 2009) (no admission of record where "the method or circumstances of preparation indicate lack of trustworthiness.")   ; See *United States v. Morales*, 720 F.3d 1194, 1202 (9th Cir. 2013) (evidence admissible if agent conducting search of public records was familiar with the process of searching the records and the government's recordkeeping practices with regard to the database).They also require expertise and knowledge of the corporate policies and practices.  Mr. Geiran was not disclosed as an expert witness. F.R.Civ.P. 26(a)(2).  See Exhibit A to this Response.  This testimony should be excluded. |
| | Denied as to Elegant All payments relating to the audit were made by Trend to bring consumers account up-to-date. Dkt. 131-2 R. Radwan |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Declaration ¶¶21, 62, 82, 96, 107, 117, 184, 186, and 261. Denied as to Elegant and other Corporate Defendants.

FTC mischaracterizes Lopez testimony at 138: 7-16 (fees taken from trust when owed and earned); 178:17-180:2l (fees earned taken from trust with client permission except possibly during audit).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | |
|---|---|
| 201, 203-204 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Once Trend learned that a large number of consumers had money due to lenders, Defendants undertook the audit and made payments directly to lenders or to consumers if they were no longer enrolled with the Defendants. Dkt. 131-2. R. Radwan Declaration ¶186.<br><br>Objection. It is unclear which entity is being questioned.  Trend's management believed that it was prudent to avoid sending large payments because if the client disputed the amount and it did not clear, this would affect other client funds. Managers decided to send the payments to Lenders in smaller increments to avoid such problems. PX39 Lopez Depo at 177 l:11-22.  Denied by other Corporate Defendants.<br><br>Once Trend learned that a large number of consumers had money due to lenders, Defendants undertook the audit and made payments directly to lenders or to consumers if they were no longer enrolled with the Defendants. Dkt. 131-2. R. Radwan Declaration ¶186. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 206 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec. ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Once Trend learned that a large number of consumers had money due to lenders, Defendants undertook the audit and made payments directly to lenders or to consumers if they were no longer enrolled with the Defendants. Dkt. 131-2. R. Radwan Declaration ¶186.

Denied as to any characterization that Defendants actions were improper. Defendants removed fees that it had earned. Dkt. 131-2. R. Radwan Declaration ¶¶54-55. |
| --- | --- |
| 207 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Once Trend learned that a large number of consumers had money due to lenders, Defendants undertook the audit and made payments directly to lenders or to consumers if they were no longer enrolled with the Defendants. Dkt. 131-2. R. Radwan Declaration ¶186.

The funds in the trust/holding account also held all fees pending completion of services.  Ex. A, R. Radwan Declaration ¶52. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW

| | |
|---|---|
| 208 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. <br><br> Once Trend learned that a large number of consumers had money due to lenders, Defendants undertook the audit and made payments directly to lenders or to consumers if they were no longer enrolled with the Defendants. Dkt. 131-2. R. Radwan Declaration ¶186. <br><br> Denied as to any characterization that Defendants actions were improper. Defendants removed fees that it had earned. Dkt. 131-2. R. Radwan Declaration ¶¶54-55. |
| 209 | Mazen admits writing a check, but that it was out of error because he mistakenly wrote it from the wrong account.  After getting a "lashing" from Rima, they were "trying to get it resolved …and then the raid happen, so we never got it done." PX 35 M. Radwan trans. at 170:12-171:19. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | |
|---|---|
| 210 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Once Trend learned that a large number of consumers had money due to lenders, Defendants undertook the audit and made payments directly to lenders or to consumers if they were no longer enrolled with the Defendants. Dkt. 131-2. R. Radwan Declaration ¶186.<br><br>Trend objects to the extent that the FTC characterizes Defendants taking out additional fees that it had not earned. Defendants only took fees from client's trust account that it had earned. Exhibit A, R. Radwan Declaration ¶¶53-54. The fees were taken after an audit determined that Trend was owed $1,280,000.   Exhibit A, R.Radwan Dec. ¶435. |
| 211 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Admit that fees were withdrawn as a result of the audit. Defendants only took fees from client's trust account that were earned. Dkt. 131-2. R. Radwan Declaration ¶¶37, 43b, 53-55 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| | |
|---|---|
| 212-213 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. Objection, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. <br><br> The Service Agreement provides that this information be supplied so that Defendants could provide the service.  Use of this information was necessary to providing services. The clients understood and agreed.  Exhibit A, R. Radwan Dec. ¶¶64, 131, 167, 212, 302, 341 Ex. A-29, 34, 60, 69. |
| 214 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. <br><br> There is no evidence cited that Elegant had a problem with late payments to student lenders.  Elegant and Heritage made it clear to consumers that it each consumer was responsible for their own payments and that the company was providing a benefit to have a third party processor. Deny as to any characterization consumers were not aware of how much of their monthly payment to Defendant could go towards their student loans and had access to the Client Portals. |

| | |
|---|---|
| 215 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>The Service Agreement provides that this information be supplied so that Defendants could provide the service.  Use of this information was necessary to providing services. The clients understood and agreed.  Exhibit A, R. Radwan Dec. ¶ 53-54, Ex. A-5. |
| 216 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>There is no evidence cited that Trend collected the information. |
| 217 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Objection Vague as to "promised debt relief."   Trend did not market or sell new clients but serviced clients from Tribune.  Admit that Elegant had a provider debit consumer accounts via ACH for deposit in trust/holding account until services completed. Exhibit A, R.Radwan Dec. ¶14, 87. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 218 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Elegant charged $799 in the first year and 492 for recertification in subsequent years. Exhibit A, R. Radwan Dec. ¶56.  Trend only does recertification and charged $492 per year |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 219 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
|---|---|
| | There is no supporting evidence that any initiation fee was above $200. Dkt. 12-3 at 67-71 (Preston: Only one payment was $109); Sickel provides no supporting evidence provided she made an initial $500 payment. Exhibit A, R. Radwan Dec. ¶ 32 ("FDG did not charge an initial payment."). |
| | Objection to Geiran Declaration:  The FTC disclosed declarations of Richard Kaplan, Calvin Brown and Ajay Patel, identifying them as certified forensic computer specialists. These individuals reportedly forensically located and imaged documents taken from the Corporate Defendants.  The Court should exclude the testimony of these three witnesses because they were clearly not timely disclosed under Rule 26(a)(2). Their foundational testimony is also not listed in Plaintiff's Statement of Material Facts.  The testimony of FTC data analysts, Connor Geiran and Rufus Jenkins (PX33) Dkt. 135-2  testify solely on the basis of testimony by Mssrs. Kaplan, Brown and Patel. |
| |  Defendants further object to Mr. Geiran's Declaration as it contains Inadmissible Expert Testimony lacking foundation, failure to disclose per Rule 26. Object based on F.R.Civ.P. 26(a)(2)(B) and (D); Inadmissible Lay Opinion lacking foundation under Rule 701, 702. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 220 | Objection:  The FTC disclosed declarations of Richard Kaplan, Calvin Brown and Ajay Patel, identifying them as certified forensic computer specialists.  These individuals reportedly forensically located and imaged documents taken from the Corporate Defendants.  The Court should exclude the testimony of these three witnesses because they were clearly not timely disclosed under Rule 26(a)(2).  Their foundational testimony is also not listed in Plaintiff's Statement of Material Facts.  The testimony of FTC data analysts, <u>Connor Geiran</u> and Rufus Jenkins (PX33) Dkt. 135-2  testify solely on the basis of testimony by Mssrs. Kaplan, Brown and Patel.<br><br>Mr. Geiran's Declaration contains Inadmissible Expert Testimony lacking foundation, failure to disclose per Rule 26 per F.R.Civ.P. 26(a)(2)(B) and (D); Inadmissible Lay Opinion lacking foundation under Rule 701, 702. Geiran's testimony should be excluded. |
|---|---|
| 221 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>The "holding" account was synonymous with the trust account. Exhibit A, R. Radwan Declaration ¶¶52-56. |
| 222 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Denied. Management fees were not transferred to the Operating Account until the services were completed and the fees were earned. Exhibit A, R. Radwan Declaration ¶¶37, 43b, and 53. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED
FACTS AND PROPOSED FINDINGS OF FACT AND LAW

| 223 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Denied; Defendants only took fees from client's trust account that were earned. Dkt. 131-2. R. Radwan Declaration ¶¶37, 43b, 53-55.<br><br>Consumers money was placed in a trust account that Defendants did not access until after loans had been consolidated. Dkt. 131-2. R. Radwan Declaration ¶¶37, 43b, and 53. If consolidation had already occurred, Defendants separated payments received from consumers into fees and trust funds for consumers. If before consolidation, all money went into the trust account. Exhibit A, R. Radwan Declaration ¶84. |
| --- | --- |
| 224 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. Objection, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated.<br><br>Defendants object to the extent that the FTC suggests that a trust account cannot be a "business account."  The clients agreed to Defendants maintaining a trust account. Exhibit A, R. Radwan Declaration, ¶¶64, 131, 167, 212, 302, 341 Ex. A-29, 34, 60, 69. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 225 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| 226 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Admit that interest was not paid by Elegant. |
| 227-228 | Admit. Objection, lack of foundation. The cited portion of the declaration of FTC Investigator Goldstein is without foundation and documents are not authenticated. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 229, 233-236 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Object as to relevance and vague.  Denied as to Individual Defendants and RCC. Robbins, R.Radwan, L. Radwan, M.Radwan. The only relevant companies are Elegant and Trend Objection: Relevance.  Deny to the extent that the FTC thinks this is unlawful. In fact, interest accrues on student loans regardless of the program until the amounts are paid or forgiven (depending on the program). Exhibit _, R.Radwan, ¶__CITE<br><br>The Declaration of Scott Lause (PX 21) should be stricken in its entirety as hearsay and failure to disclose expert opinion testimony pursuant to Rule 26(a)(2)(B) & (D).  Object based on F.R.Civ.P. 26(a)(2)(B) and (D); Inadmissible Lay Opinion lacking foundation under Rule 701, 702.  The FTC's Amended Rule 26 Disclosure is attached as Exhibit B.<br><br>Lause renders numerous opinions that are not supported by any showing that he has qualifications to render his opinions or that he reviewed documents specific to this case.    All documents attached thereto lack foundation and are hearsay. Mr. Lause is an attorney for MOHELA.  MOHELA is a servicing agency that has every motive to fabricate information because student loan debt relief companies consolidate loans that cost MOHELA potentially millions in revenue. Exhibit A, R. Radwan Dec. ¶¶99-101g. MOHELA routinely tells borrowers that student loan companies are a scam without any knowledge of their operations. *See e.g.* PX 1 Avant Dec. and Exhibit A R. Radwan Declaration, ¶99-101g. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 230-232 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec. ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec. ¶ 8. |
|---|---|
|  | Objection:  The FTC disclosed declarations of Richard Kaplan, Calvin Brown and Ajay Patel, identifying them as certified forensic computer specialists.  These individuals reportedly forensically located and imaged documents taken from the Corporate Defendants.  The Court should exclude the testimony of these three witnesses because they were clearly not timely disclosed under Rule 26(a)(2).  Their foundational testimony is also not listed in Plaintiff's Statement of Material Facts.  The testimony of FTC data analysts, Connor Geiran and Rufus Jenkins (PX33) Dkt. 135-2  testify solely on the basis of testimony by Mssrs. Kaplan, Brown and Patel. |
|  | Defendants further object to Mr. Jenkins' Declaration as it contains Inadmissible Expert Testimony lacking foundation, failure to disclose per Rule 26. Object based on F.R.Civ.P. 26(a)(2)(B) and (D); Inadmissible Lay Opinion lacking foundation under Rule 701, 702. Mr. Jenkins is an accountant not disclosed as an expert witness (**Exhibit B**) and has no personal knowledge of how company records were maintained. As set out in this Motion, the bank records and other financial documents reviewed by Mr. Jenkins lack foundation, are not authenticated and are hearsay.  Moreover,  Jenkins' conclusions are also incomplete, misleading and flawed because he also failed to review: (1) all bank statements of various companies, failing to specify which balance sheets, profit and loss statements, balance sheets cash flow statements and financial disclosures "and other financial supporting records[.]" that he reviewed; and (2) failed to identify which company had net revenues using which tax returns or profit and lost statements. |

Accordingly, the testimony of Mr. Jenkins must be excluded in its entirety because the data upon which relies lacks foundation and is inadmissible under Rule 803(6), Federal Rules of Evidence.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 237-238 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Page 4 of FDG's Service Agreement also has a provision titled, in bold: "Section 11 Loan Payments Dispersed by Payment Processor." This section clearly states that client is fully responsible for payments to their student loans and that company is not liable for loans not being paid or ANY accrued interest. This provision also exists in past companies SLG and SLSM service agreements. Exhibit A, R.Radwan, Exhibit A-5. |
| --- | --- |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 239 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.

Objection: Lack of Foundation, Hearsay.

 Objection:  The FTC disclosed declarations of Richard Kaplan, Calvin Brown and Ajay Patel, identifying them as certified forensic computer specialists. These individuals reportedly forensically located and imaged documents taken from the Corporate Defendants. The Court should exclude the testimony of these three witnesses because they were clearly not timely disclosed under Rule 26(a)(2). Their foundational testimony is also not listed in Plaintiff's Statement of Material Facts.  The testimony of FTC data analysts, Connor Geiran and Rufus Jenkins (PX33) Dkt. 135-2  testify solely on the basis of testimony by Mssrs. Kaplan, Brown and Patel.

The testimony of the FTC's paralegal, Emilie Saunders, relied on unauthenticated documents that do not provide foundation for this claim. Her testimony is hearsay. Moreover, Daisy Lopez did not testify that she received hundreds of complaints.   PX 39, Lopez Depo at 128:20 -129. 129:15. |
|---|---|

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 240 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| | Denied to the extent the FTC characterizes Defendants actions were improper or illegal. Defendants wanted to ensure its customer service representatives were prepared to provide thorough answers to any customer complaints or questions that it had throughout the process of providing services. Exhibit A, R. Radwan Declaration ¶¶28-48. |
| | Investigator Goldstein's Declaration PX 25 lacks foundation because he relied on documents provided by Kaplan, Brown and Patel that lack foundation and have not been authenticated.  His testimony is hearsay. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 241 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8. |
| --- | --- |
| | Objection: vague, relevance, lack of foundation. |
| | Denied as to any characterization the Defendants actions were improper or illegal. Consumers cancelled for a variety of reasons, many of which did not have anything to do with the service Defendants were providing.  Exhibit A, R. Radwan Declaration ¶¶49, 71, 81, 83. |
| | Objection:  The FTC disclosed declarations of Richard Kaplan, Calvin Brown and Ajay Patel, identifying them as certified forensic computer specialists. These individuals reportedly forensically located and imaged documents taken from the Corporate Defendants.  The Court should exclude the testimony of these three witnesses because they were clearly not timely disclosed under Rule 26(a)(2). Their foundational testimony is also not listed in Plaintiff's Statement of Material Facts.  The testimony of FTC data analysts, Connor Geiran and Rufus Jenkins (PX33) Dkt. 135-2  relies solely on the basis of testimony by Mssrs. Kaplan, Brown and Patel.  Their testimony is hearsay and should be excluded. |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

| 242 | Deny as to individual defendants who acted in a corporate capacity, or who did not know of or participate in the alleged activity. Deny as to individual defendants. **Exhibit A**, R. Radwan Dec. ¶¶ 12, 436; **Exhibit B**, D. Robbins ¶¶ 4, 175; **Exhibit C**, M. Radwan Dec.¶ ¶ 9, 24; **Exhibit D**, L. Radwan Dec. ¶ 23  Non-Specific as to companies. The only relevant companies are Elegant and Trend. Deny as to RCC which did not conduct student loan debt relief activities.  **Exhibit C**, M. Radwan Dec.¶ 8.<br><br>Objection relevance.  Denied to the extent the FTC characterizes Defendants actions were improper or illegal. Defendants wanted to ensure its customer service representatives were prepared to provide thorough answers to any customer complaints or questions that it had throughout the process of providing services. Exhibit A, R. Radwan Declaration ¶¶28-48.<br><br>Objection: Investigator Goldstein's Declaration PX 25 lacks foundation because he relied on documents that lack foundation and have not been authenticated.  The information is hearsay. |

## CONCLUSIONS OF LAW

1. The Court lacks subject matter and jurisdiction over this matter due to the fact that Section 13(b) of the Act does authorize restitution.[1]   The plain language of the Act requires district courts to dissolve temporary restraining orders and preliminary injunctions if the FTC fails to file a parallel administrative action.   The authority to seek permanent injunctions does not supersede the requirement of filing a parallel administrative action and proceeding under Section 19 of the Act.   The Supreme Court's decision in

---

[1] Defendants propose this conclusion of law to preserve their rights.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

*Meghrig v. KFC Western, Inc.* 516 U.S. 479 (1996), followed by the Ninth Circuit's decision in *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co. (AZ),* 632 F.3d 1111, 1121 (9th Cir. 2011) (ancillary remedies were not appropriate as to Truth-in-Lending regulations because elaborate enforcement mechanism in statute confined the court's equitable powers to injunctive relief). See *FTC v. Credit Bureau Center,* 937 F.3d 764 (7th Cir. 2019) ("section 13(b) does not authorize restitutionary relief.") Thus, the precedent controlling this Court's decision is *Owner-Operator* and *Meghrig*. To the extent that the "implied restitution" approach by *Singer* conflicts with *Owner-Operator* and *Meghrig*, it lacks precedential value. *Rodriguez v. AT&T Mobility Services, LLC*, 728 F.3d 975 (9th Cir. 2013).

Congress expressly <u>directed</u> that the district courts dissolve any TRO or Preliminary Injunction where, as here, the FTC failed to file an administrative complaint pursuant to Sections 5 and Section 45 of the Act. ("Provided, however, That if a complaint is not filed within such period (not exceeding 20 days) as may be specified by the court after issuance of the temporary restraining order or preliminary injunction, the order or injunction shall be dissolved by the court and be of no further force and effect;....." Congress granted authority to the FTC to "bring suit" in district court to restrain and

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

preliminarily enjoin acts pending issuance of administrative action before the
Commission and instructed that courts "shall dissolve" injunctive relief if
administrative complaints are not filed within twenty days.   The second
proviso provides, in pertinent part, that the FTC "may seek" a permanent
injunction in proper cases.  This language is not a grant of authority to "bring
suit", but merely allows the FTC to seek a permanent injunction rather than
issue a "cease-and-desist" order under Section 45 of the Act.

2.  Venue is proper as to all parties in this district under 28 U.S.C. §1391(b)(1),
(b)(2), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

3.  Defendants' activities are in or affecting commerce, as defined in Section 4
of the FTC Act, 15 U.S.C. § 44.

4.  The Complaint is supported by consumer declarations that either fail to
attach their Service Agreements or do not refer to the  Service Agreements
signed by the consumers.    The complaint is filed against Elegant
Solutions, Inc, Trend Capital Management, Heritage  and Tribune
Management (the "Student Loan Debt Companies")   The FTC contends
that these companies were a common enterprise.  The FTC also contends
that Dark Island Industries, Inc. dba Radwan Classic Cars ("RCC") is a
common enterprise with the Student Loan Debt Companies.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED
FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

5. The determination of a common enterprise is based on factors to be considered on a case-by-case basis. *F.T.C. v. John Beck Amazing Profits, LLC*, 865 F. Supp. 2d 1052, 1082 (C.D. Cal. 2012).   In determining whether a common enterprise exists, courts consider whether there is (1) common control; (2) sharing office space and offices; (3) whether business is done through interrelated companies; and (4) whether funds are commingled. *Id.*

6. Elegant conducted all sales and processing of student loans in-house. Trend purchased accounts from Tribune and undertook to do recertification of eligibility for various student loan programs.   Elegant did not refer business to Trend and Trend did not refer business to Elegant, nor did they share offices, commingle funds, computer systems, such as Customer Relationship managemnt or equipment although Rima Radwan was in charge of operating both companies, Labiba Radwan, an employee of Trend provided HR and payroll support for Elegant and Dean Robbins, a Trend employee, provided IT support for Elegant. Common ownership and the sharing of these two employees are factors, but ultimately not probative of how these companies operated as a "common enterprise" vis a vis consumers.   Simply put, there was no

sharing of business, offices, commingling of funds, separate CRM's and the employees who actually rendered sales or processing services were not shared.

7. Similarly, Heritage and Tribune essentially ceased business operations at or about the same time that Elegant and Trend started business operations. The Court finds that there was no sharing of business, offices, commingling of funds, separate CRM's and the employees who actually rendered sales or processing services were not shared. The fact that Rima Radwan was an owner and operator of these two companies or that Dean Robbins and Labiba Radwan provided ancillary support services are not controlling factors. The Court therefore concludes that there was no common enterprise between Heritage and Tribune.

8. Radwan Classic Cars was not in the same industry as the Student Loan Debt Companies. Mazen "Mike" Radwan operated RCC and established and controlled the policies and procedures of the business. Dean Robbins and Rima Radwan owned equal shares in RCC but had not control over its policies or procedures. There was no commingling of funds, sharing of computers, computer data equipment or employees between RCC and the Student Loan Debt Companies. Rima Radwan appeared to be a

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

passive investor in this business.  The fact that Dean Robbins and Labiba Radwan provided ancillary support services are not controlling factors. The Court therefore concludes that there was no common enterprise between RCC and the Student Loan Debt Companies.

9. Elegant and Trend contend that their operations, policies and procedures were materially different from Heritage and Tribune and therefore fall within the scope of the Ninth Circuit's decision in *FTC v. Evans*, ___F.3d.__ (9th Cir. _)

Rima Radwan contends that she and in-house counsel changed company policies and procedures to avoid legal pitfalls in other cases filed by the FTC and to assure compliance with the Act. The Court need not reach this issue because there was no common enterprise between Elegant and/or Trend on the one hand, and Heritage and Trend.  Even *assuming* that there was a common enterprise, Elegant initiated its activities with a training session that included all employees, maintained a holding/trust account, modified its Service Agreement and Explanation of Benefits and created a Client Portal so that clients could log onto the Portal and see their account balances and payments.   Both Elegant and Trend had their own operating and trust

accounts.  The Court concludes that these changes in service, policies and procedures fall within the *Evans* case.

10. The FTC did not file an action against SLSM or DORM or claim they are part of a common enterprise with Elegant or Trend, but includes these companies in their moving papers.  Corporate Defendants point out that the policies and procedures for these companies were different from the other corporate defendants, and that the evidence relating to these companies is more prejudicial than probative.  The Court agrees.  The Court grants Defendants objections to amending the complaint against these companies and strikes evidence relating to these companies as irrelevant and more prejudicial than probative.  *Evans, supra*

11. The FTC contends that Defendants violated Section 5 of the FTC Act and Sections 310.3(a)(2)(x) and 310.4(a)(5)(i) of the TSR, 16 C.F.R. §§ 310.3(a)(2)(x), 310.4(a)(5)(i), by making material misrepresentations while selling their debt relief services and when they collected advance fees for debt relief services. Corporate Defendants respond stating that all consumers follow a structured sales process where the sales representative reviews the Sales Agreement and Explanation of Benefits to each consumer.  The customer initials each page of the Service

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW

Agreement and then signs the Agreement electronically.   Importantly, the consumers also initial ten "bullets" on the Explanation of Benefits that specifically disclose most of the issues raised in declarations filed by consumers (PX 1 -19).  The Service Agreement covers some of the details of how payments are made, the participation and responsibility of third party processors for payment of student loans to lenders.  Finally, the recorded sales calls are reviewed by Elegant's Sales Manager, Kendra Sanchez, to assure that the sales representatives comply with the letter and spirit of the procedures.

12. To establish a violation of Section 5 under the FTC Act, the FTC must show that that Defendants' conduct was likely to mislead consumers acting reasonably under the circumstances.[2]  *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994);  *FTC v. Gill*, 71 F. Supp. 2d 1030, 1035 (E.D. Cal. 1999), *aff'd*, 265 F.3d 944 (2001). It is *unreasonable* for consumers to assert fraud based on alleged representations that were

---

[2] There are few service businesses that do <u>not</u> receive consumer complaints, which can be motivated by a consumer's lack of memory regarding their Service Agreement, disagreement over the quality of service or a consumer's desire to obtain a refund for economic reasons.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

specifically discussed and explained to each consumer at the time of entering into a contract

13. Thus, a consumer who reads part of a disclosure but not the *entire* disclosure on the subject matter is acting *unreasonably* under the circumstances.  In *Bott v. Vistaprint*, 2009 WL 2884727 S.D. Tex. 2009, *aff'd* 392 Fed. Appx 327 (5th Cir. 2010), the Court dismissed a class action where the class members admitted that they reviewed part of a disclosure but failed to read the entire disclosure.  In that case, The Court held that "[a] consumer cannot decline to read clear and easily understandable terms that are provided on the same webpage in close proximity to the location where the consumer indicates his agreement to those terms and then claim that the webpage, which the consumer has failed to read, is deceptive. Other district courts, including the Central District of California, have held that a customer cannot blindly accept offers. *Baxter v Intelius, Inc.* 2010 WL 3791487 (C.D. Cal. 2010) (customer cannot "blindly" accept offer); *Hager v Vertrue, Inc.*, 2011 WL 4501046 (D. Mass. 2011) (same).   *Pacholec v. Home Depot USA, Inc.*, 2007 LEXIS 99338; 2007 WL 4893481 , at *5 (D.N.J.), ("Plaintiff simply chose not to read the agreement.  Accordingly, there is no deception.")

14. It is not unfair to hold a party to a contract responsible for the contractual promises made.   The Court finds that the consumer declarants did not act reasonably under the circumstances. It is unreasonable for a consumer to initial each page of an agreement, initial bullet explanations of services and sign a contract and then complain they were misled.   For example, some declarants state that they did not know that Elegant charged fees for its services and some assert that they thought Elegant was part of the Department of Education.   The Explanation of Benefits has the following bullet: "Company is a private organization, not a lender and <u>not affiliated with the Department of Education and/or government.</u>"   Other bullets, each of which are initalled by each consumer, state that the client is "free to apply for loan programs without the assistance of Company" and if Client was unable to qualify for program, Client would receive 100% refund of "<u>all monies</u> paid to the Company."

15. The FTC also contends that funds were not timely paid to Lenders. Section 11 of the FDG Service Agreement provides:

11. **Loan Payments Dispersed By Payment Processor**
Client acknowledges full responsibility for the repayment of their student loans. Client will not hold company liable for loans not being paid or any interest that accrues as a result. Company is setting up automatic payments on behalf of and per the instruction of the client and this service agreement. Client understands that returns, refunds

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

and cancellations are Client's responsibility and no payment will be made on clients loan if companies payment processor is unable to draft the funds from Client's account.

16. Heritage and Trend concede that, in many cases, loan payments were not timely made to the DOE for may consumers. However, Trend maintains that all funds allocated for payment to lenders were paid on a timely basis.

17. The FTC also asserts that Corporate Defendants took information from consumers and obtain IDR "zero payment" plans despite the fact that the consumers provided proof that they had incomes sufficient to require payments under their plans.  Daisy Lopez, Manager of Processing at Trend testified at deposition that Trend prohibited submission of zero payment requests to the DOE without documentary income verification. Ms. Lopez identified an employee who had been employed for MHF for a year and a half who admitted to the violations. Ms. Lopez removed her from working on the CRM, admonished and disciplined this employee by reducing her from full time (40 hours weekly) to four hours a week.  As expected, the employee terminated her employment shortly thereafter.

18. The FTC provides statistics claiming that there was a large number of false IDR claims submitted for clients and that the consumers were misled and injured by receiving IDR.  Trend's CRM, however, is a CRM custom

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

designed by Dean Robbins and is not a system and program that anyone can simply plug in and use.   Mr. Robbins states that the data presented by the FTC is flawed because Connor Gieran, an FTC digital forensic examiner fails to state his methodology and location of data in the CRM, which is critical to generating accurate statistics and replicating the calculations.   Moreover, the FTC has not provided the underlying data or names of the individual "zero payment" consumers to Defendants. Moreover, the declaration of Daisy Lopez shows that IDR submissions can be re-submitted Accordingly, this evidence is stricken.

19. The FTC claims that consumers formed a net impression that misled the consumers prior to reviewing and signing the Service Agreement and Explanation of Benefits.   The FTC's argument fails because the consumers do not provide any details in their declarations that establish a basis for findings on net impression.   In part, the consumers do not state what was sales representatives said to them prior to review of the Service Agreement, how that were misled, the length of the discussion nor do they explain why the Service Agreement was inadequate to correct any misimpression by the consumer prior to review of the Service Agreement.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

20. The Court also finds that the Declaration of Rima Radwan provides an objective basis that also shows the consumers were not acting reasonably when they made complaints to the FTC. Calls between the declarants and service agents show that the consumers called in with issues and were provided information about their programs. Notably, the declarants were not making complaints to the service representatives but many did appear to have forgotten the terms of their Service Agreement. The Court also notes that many of the consumers (e.g. Jamie Shelton-Larimore) called to say they were cancelling services because their servicer (e.g. Navient, MOHELA) told them that Elegant was a "scam" and that they should cancel services immediately. According to Rima Radwan and Daisy Lopez, many consumers benefitted from early cancellation because they did received a consolidation but did not have to pay the entire amount of fees for services. Based on the evidence in this record, the Court does find that the conduct of certain servicers appear to have generated complaints against Elegant and Trend.

21. The FTC has also provided unsworn complaints from consumers. The complaints are admitted but only for the limited purpose of notice to Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

22. The FTC has also raised issues relating to the handling of funds by Elegant and Trend.  Specifically, the FTC contends that Elegant and Trend did not comply with the TSR Rule, which does not allow advance fees to be paid unless a company has an escrow account under ____.  Elegant and Trend maintained holding or "trust accounts" and started charging fees over a twelve month period while performing services.  There is no genuine dispute that fees and loan payments paid to Elegant were deposited into its trust account and remained in that account until all services were completed.  At that time, the fees were paid.  The purpose of the TSR escrow account provision is to protect consumers from having their funds taken as fees until all services are completed by the company.  While the holding/trust accounts did not comply with the letter of the TSR, they do comply with the spirit of the law.

23. The Court denies Defendants' motion on the TSR and grants summary judgment to Defendants.

## ALTERNATIVE FINDINGS

24. Defendant Rima Radwan did have control over the Corporate Defendants except RCC.  However, due to her health condition, Ms. Radwan was not aware of misconduct by subordinate workers and did not participate in

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

unauthorized wrongful conduct. *FTC v. Publishing Clearinghouse, Inc.* 104 F.3d 1168, 1171 (9th Cir 1997).

25. Rima Radwan is not liable for monetary relief because she lacked "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).

26. Defendant Mazen Radwan is not liable for injunctive relief because he controlled RCC but not the other Corporate Defendants nor did he participate in unauthorized wrongful conduct. *FTC v. Publishing Clearinghouse, Inc.* 104 F.3d 1168, 1171 (9th Cir 1997).

27. Mazen Radwan is liable for monetary relief because he had, at least, "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).

28. Defendant Labiba Velazquez is not liable for injunctive relief because she lacked control over the Corporate Defendants nor did she participate in

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the unauthorized wrongful conduct. *FTC v. Publishing Clearinghouse, Inc.* 104 F.3d 1168, 1171 (9th Cir 1997).

29. Labiba Velazquez is not liable for monetary relief because she lacked "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).

30. Defendant Dean Robbins is not liable for injunctive relief because he lacked  control over the Corporate Defendants and did not participate in unauthorized wrongful conduct. *FTC v. Publishing Clearinghouse, Inc.* 104 F.3d 1168, 1171 (9th Cir 1997).

31. Dean Robbins is not liable for monetary relief because he lacked "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL UNCONTROVERTED FACTS AND PROPOSED FINDINGS OF FACT AND LAW**

Respectfully submitted,

By: /s/ *Stephen R. Cochell*
Stephen R. Cochell
Texas Bar No.: 24044255
2616 South Loop West, Ste 470
Houston, Texas 77054
Telephone: (346) 800-3500
srcochell@gmail.com

Robert Bare (SBN 271131)
Bare Law
444 W. Ocean Blvd.
8th Floor,
Long Beach, CA  90802
Telephone:   (310) 984-3670
Fascimile:    (310) 320-0102
rbare@barelaw.com

James D. White, Esq.
Law Offices of
JAMES D. WHITE,
CA Bar # 064721
PO Box 367
113 Quarter Horse Dr.
Bellevue, ID 83313
949 697 9236
jdw@jamesdwhitelaw.com

**Attorneys for Defendants**

1

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT MATERIAL
UNDISPUTED FACTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this date, I served the foregoing on counsel for Plaintiff K. Michelle Grajales and  John D. Jacobs, as well as the Receiver, and his counsel through the Court's Electronic Case Filing System.

Date: March 31, 2020.

*/s/ James D. White*
James D. White

## CERTIFICATE OF COMPLIANCE

I certify that this Declaration in Support of Ex Parte Application for Overlength Memorandum complies with Rule 11, Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

*/s/ James D. White*
James D. White

2

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT MATERIAL UNDISPUTED FACTS**