Sanjay Bhandari (SBN 181920)
sbhandari@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver,*
*Thomas W. McNamara*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>      v.<br><br>ELEGANT SOLUTIONS, INC., et al.,<br><br>            Defendants. | Case No. 8:19-cv-01333-JVS (KESx)<br><br>**FOURTH INTERIM STATUS REPORT OF RECEIVER**<br><br>JUDGE:   Hon. James V. Selna<br>CTRM:    10C |

Thomas W. McNamara, as Court-appointed receiver ("Receiver"),[1] submits this report of receivership activities for the period of January 6, 2021 through July 6, 2021.[2]

Shortly after the Receiver filed his third interim status report (ECF No. 213), the Court issued an order that liquidation efforts should cease and further receivership activity be minimized pending the outcome of the appeal in the case.[3] *See* ECF No. 217. Consistent with the Court's guidance, the Receiver minimized all activity of his team and counsel during the most recent reporting period. One exception was the need to respond to a demand for an accounting and request for documents from defense counsel. While defense counsel was reminded of the Court's order to minimize activity, the demand was accompanied by a threat of an unspecified "Motion for Order to Show Cause," including Rule 11 sanctions, and a request for a meet and confer conference. Counsel for the Receiver agreed to meet and confer. Afterwards, the Receiver responded as efficiently as possible to a narrower request identified by defense counsel during the conference discussion.

///

---

[1] The Receiver's appointment was confirmed by the Order Entering Stipulated Preliminary Injunction entered July 17, 2019 (ECF No. 52), which defines Receivership Entities as the entities named as Corporate Defendants (Elegant Solutions, Inc., also d/b/a Federal Direct Group, Trend Capital Ltd., also d/b/a Mission Hills Federal, Dark Island Industries, Inc., also d/b/a Federal Direct Group and Cosmopolitan Funding Inc., Heritage Asset Management, Inc., also d/b/a National Secure Processing, Tribune Management, Inc., also d/b/a the Student Loan Group), as well as any other entity that has conducted any business related to Defendants' marketing of Debt Relief Services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant. On August 5, 2019, the Receiver notified the parties that RCC America LLC is a Receivership Entity.

[2] The Receiver is mindful of the current July 20, 2021 deadline for terminating the receivership and intends to move the Court *ex parte* for an extension sufficient to allow for the resolution of the appeal unless the Court first elects to continue such deadline *sua sponte*.

[3] Prior to the issuance of the Court's directive, the Receiver had liquidated the vast majority of the Defendants' assets and currently holds only a few remaining assets, including some sports memorabilia recovered from Defendants' business premises.

The Receiver's team has also recently addressed an inquiry from the California Department of Tax and Fee Administration concerning a receivership entity. The issue has been resolved.

The primary remaining monthly recurring expense is for the storage of Defendants' records pending the outcome of the appeal.[4]

On May 10, 2021, the Court of Appeals lifted the stay of the appellate proceedings and on June 1, 2021, the appellants filed a substitute opening brief. The FTC's response is due August 2, 2021. The appellants' (optional) reply is due 21 days thereafter.

The receivership remains in a stable position, awaiting further direction from the Court once the appeal is resolved. The receivership bank accounts have a current balance of $3,250,667.97 as of July 6, 2021. A Receipts and Disbursements Summary for the period January 5, 2021 through July 6, 2021 is attached as Exhibit A. During this period, receipts totaled $2,327.82 (interest from the receivership money market account). Disbursements were $2,629.00 (primarily comprised of $2,204.00 for record storage fees).

With the exception of a motion to extend the receivership absent a *sua sponte* continuation, we do not anticipate any other material receivership activities until the resolution of the appeal.

Dated: July 6, 2021                    MCNAMARA SMITH LLP

                                       By:   /s/ Sanjay Bhandari
                                             Sanjay Bhandari
                                             *Attorneys for Receiver,*
                                             *Thomas W. McNamara*

---

[4] Given the Receivership Entities' records are not likely to be needed by the parties during the appeal, they are being stored in a secure offsite storage facility.

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th of July, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all participants in the case who are registered CM/ECF users.

/s/ Sanjay Bhandari
Sanjay Bhandari
*Attorney for Receiver,*
*Thomas W. McNamara*