CLEAR FORM

Name: Michael J. Khouri, Esq. [CASBN 97654]
Address: Khouri Law Firm, APC, 101 Pacifica, Suite 380
City, State, Zip: Irvine, California 92618
Phone: (949) 336-2433
Fax: (949) 387-0044
E-Mail: mkhouri@khourilaw.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>PLAINTIFF(S),<br>v.<br>ELEGANT SOLUTIONS, INC., et al.,<br><br>DEFENDANT(S). | CASE NUMBER:<br>8:19-cv-01333-JVS-KES<br><br>**NOTICE OF APPEAL** |

NOTICE IS HEREBY GIVEN that Elegant Solutions, Inc.; Trend Capital LTD; Dark Island Industries, Inc.; Heritage Asset Managment, Inc.; Tribute Management, Inc.; Mazen Radwan; Rima Radwan; Labiba Velazquez; and Dean Robbins hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

### Criminal Matter

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:


☐ Bail status:

### Civil Matter

☒ Order (specify):
   Denying Defendants' Post-Judgment Motion
   to Set Deadlines

☐ Judgment (specify):


☐ Other (specify):

Imposed or Filed on  January 20, 2023  . Entered on the docket in this action on  January 20, 2023  .

A copy of said judgment or order is attached hereto.

February 3, 2023                          */s/ Michael J. Khouri*
Date                                      Signature
                                          ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1333 JVS (KESx) | Date | January 20, 2023 |
| Title | Federal Trade Commission v. Elegant Solutions, Inc. et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**   [IN CHAMBERS] Order Regarding Motions and Application [246] [250] [251]

  Thomas W. McNamara, the Court-Appointed Receiver (the "Receiver"), moves for the Court's approval to sell sports memorabilia found on-site at the Receivership Entities' business premises. (Mot., Dkt. No. 246.) Defendants, Mazen Radwan, Rima Radwan, Dean Robbins, Labib Velazquez, Elegant Solutions, Inc., Trend Capital Ltd., Dark Island Industries, Inc., Heritage Asset Management, Inc. and Tribune Management, Inc. (collectively, "Defendants"), opposed. (Opp'n, Dkt. No. 247.) Plaintiff, Federal Trade Commission ("FTC"), filed a notice and statement of non-opposition. (Notice, Dkt. No. 248.) The Receiver replied. (Reply, Dkt. No. 249.)

  The Receiver also filed an application for discharge and approval of final fee application. (App., Dkt. No. 250.) Defendants objected. (Obj., Dkt. No. 252.) FTC filed a notice of non-opposition. (Notice, Dkt. No. 255.) The Receiver replied. (App. Reply, Dkt. No. 257.)

  Lastly, Defendants filed a motion for an order setting a deadline for FTC to make restitution and return funds not used to provide consumer redress. (Defendants' Mot., Dkt. No. 251.) FTC opposed. (FTC Opp'n, Dkt. No. 253.) Defendants replied. (Defendants' Reply, Dkt. No. 258.)

  For the following reasons, the Court **GRANTS** the Receiver's motion authorizing the sale of the remaining sports memorabilia assets, **GRANTS** the Receiver's final application for attorney fees and discharge, and **DENIES** the Defendants' motion.

  The Court finds that oral argument would not be helpful in this matter. Fed R. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1333 JVS (KESx) | Date | January 20, 2023 |
| Title | Federal Trade Commission v. Elegant Solutions, Inc. et al. | | |

P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the January 23, 2023, hearing.

## I. Background

The Court issued the Amended Final Judgment in the case on July 29, 2020. (Judgment, Dkt. No. 191.)  The Court ordered judgment in the amount of $27,584,969.00 entered in favor of the FTC against Defendants.  (Id. at 13.)  As part of the judgment, the Court ordered McNamara to continue as a permanent receiver.  (Id. at 16.)

On January 21, 2021, the Court granted the FTC's *ex parte* application and ordered the Receiver to "cease all efforts to sell any sports memorabilia or other items pending the outcome of AMG Capital Management, LLC v. FTC, S.Ct. Dkt. 508."  (Order, Dkt. No. 217.)  The Supreme Court issued its ruling on the case in April 22, 2021.  The Supreme Court held Section 13(b) of the Federal Trade Commission Act does not authorize the FTC "directly to obtain court-ordered monetary relief."  AMG Cap. Mgmt. v. FTC, 141 S. Ct. 1341, 1347 (2021).  But, the Court also held its ruling does not "prohibit the Commission from using its authority under § 5 and § 19 to obtain restitution on behalf of consumers."  Id. at 1352.  This Court's Amended Final Judgment found the FTC had authority under both Section 13 and 19 of the Federal Trade Commission Act. (Judgment at 3, ¶ 4.)  Thus, the Supreme Court's ruling does not affect the Court's ruling.

Defendants appealed the Amended Final Judgment.  (See Notice of Appeal, Dkt. No. 192.)  The Ninth Circuit affirmed the Court's decision in all respects but one: "the injunction should be modified to remove the provision allowing any leftover money in the judgment fund to be deposited to the U.S. Treasury as disgorgement, as this order exceeds the authority granted by Section 19 of the Federal Trade Commission Act ("FTC Act")."  The Court issued an order implementing the mandate.  (Order, Dkt. No. 245.)

## II. Receiver's Motion Authorizing Sale of Sports Memorabilia

Defendants argue the Amended Final Judgment does not instruct Plaintiff as to when any excess funds must be returned.  (Opp'n at 3–4.)  As such, Defendants request the Court deny the Receiver's motion "until the amount necessary to provide redress to consumers is determined."  (Id. at 4.)  The FTC argues the Amended Final Judgment sufficiently instructs the FTC how to conduct consumer redress or other equitable relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1333 JVS (KESx)                                Date  January 20, 2023

Title     Federal Trade Commission v. Elegant Solutions, Inc. et al.

(Notice at 3–4.)  The Amended Final Judgment provides:

> All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.

(Judgment at 15–16.)

The Court finds the Final Amended Judgment provides sufficient instruction to the FTC on how to conduct consumer redress or provide other equitable relief, including the use of information remedies.  The Ninth Circuit affirmed the Court's grant of equitable relief under Section 19 of the FTC Act.  (See Memorandum at 7, ¶ 5.)  The Court finds it unnecessary to determine the exact amount of redress necessary, as Defendants contend, so long as the FTC and Receiver comply with the Amended Final Judgment.  Defendants do not otherwise provide legal authority in support of their position.  And Defendants do not argue the items in question were purchased with personal funds.

The Receiver requests the Court allow the Receiver be permitted to sell the items in a commercially reasonable manner.  (Mot. at 3–4.)  Defendants do not oppose.  Based on the Receiver's motion, the Court finds deviation from 28 U.S.C. § 2001 and selling the items in a commercially reasonable manner is appropriate.  See United States v. Stonehill, 83 F.3d 1156, 1160 (9th Cir. 1996).

Accordingly, the Court **GRANTS** the Receiver's motion.  (Dkt. No. 246.)

### III. RECEIVER'S APPLICATION FOR DISCHARGE AND FINAL FEE APPLICATION

The Receiver states it has fulfilled all of it's duties and requests discharge and seeks final payment of fees and expenses.  (App. at 3.)  Defendants object to the proposed order insomuch as it (1) allows the Receiver to destroy or dispose of "abandoned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1333 JVS (KESx)                                   Date  January 20, 2023

Title  Federal Trade Commission v. Elegant Solutions, Inc. et al.

property", and (2) exonerates the Receiver beyond the already afforded protections of the law.  (Obj. at 2.)

Defendants raise objections to the Receiver's Application yet fail to provide any relevant legal authority or citations to evidence.  Defendants request property not distributed or administered be determined not abandoned and returned to Defendants.  (Obj. at 2.)  Defendants do not provide any legal authority supporting their argument.  Defendants also argue damages should be determined "by existing Ninth Circuit law" but do not provide a single citation to a case.  (Obj. at 2–3.)  Defendants make several factual allegations about a conversation between the Receiver and Rima Radwan but do not cite to any evidence such as declarations.  Defendants' make purely conclusory statements about potential acts which violated laws prohibiting racial, age, and gender discrimination without providing a single iota of proof or legal authority.  As the Receiver points out in his Reply, citing to numerous cases, courts routinely authorize receivers to abandon unsold assets at the close of the Receivership and exonerate receivers and their agents from liability relating to the receivership.  (See App. Reply at 1–2.)

Accordingly, the Court **OVERRULES** Defendants' objections and **GRANTS** the Receiver's Application in full.  (Dkt. No. 250.)

### IV.  DEFENDANTS' MOTION TO SET DEADLINES

Defendants request the Court enter an order setting deadlines for the FTC to pay restitution and return any excess funds not used for consumer redress.  (See Defendants' Mot.)

####   A.  *Rule 59(e) Motion*

As an initial matter, the FTC argues the motion should be denied for failure to comply with Federal Rule of Civil Procedure 59(e).  (FTC Opp'n at 2.)  Defendants assert they do not seek an alteration or amendment of judgment.  (Defendants' Reply at 2.)  Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  The Court ordered implementation of the Ninth Circuit's mandate on November 18, 2022.  (Order, Dkt. No. 245.)  Defendants filed their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1333 JVS (KESx)                                  Date  January 20, 2023

Title       Federal Trade Commission v. Elegant Solutions, Inc. et al.

instant motion on December 23, 2022, thirty-five days later. If Defendants' motion is a Rule 59 motion, it is clearly time-barred.

"A motion's nomenclature is not controlling. . . . [A] postjudgment motion will be considered a Rule 59(e) motion [to alter or amend the judgment] where it involves reconsideration of matters properly encompassed in a decision on the merits." United States ex rel. Hoggett v. University of Phoenix, 863 F.3d 1105, 1108 (9th Cir. 2017) (internal quotations omitted).

Defendants' motion does not request the Court to actually amend or alter the judgment, or otherwise invoke Rule 59(e). Defendants motion seeks an order setting a deadline for the FTC to complete consumer redress and limiting redress to a number of individuals. True, as Defendants point out, the motion does not challenge the amount of money awarded under the Amended Final Judgment. (Defendants' Reply at 2.) But this would, in effect, change the scope of the FTC's responsibilities and duties under the Amended Final Judgment pertaining to redress. Granting the motion would also limit the scope of consumers eligible for redress. Nonetheless, the Court finds Defendants' motion does not request "a substantive change of mind by the court." See Univ. of Phoenix, 863 F.3d at 1108. Accordingly, the Court will address the merits of Defendants' motion.

    B.    *Merits of Defendants' Motion*

Defendants argue that the Amended Final Judgment, as is, allows the FTC to hold all collected funds in perpetuity. (Id. at 5.) Defendants further argue that withholding money is punitive and in violation of Section 19 of the FTC Act. Defendants rely on F.T.C. v. Figgie Int'l, Inc., 994 F.2d 595, 607 (9th Cir. 1993) ("Figgie"), for the proposition that the FTC cannot keep money in excess of what is needed to process and reimburse claims to consumers. (Defendants' Mot. at 4–5.) In Figgie, the Ninth Circuit noted "Section 19(b) expressly contemplates corrective advertising in its 'public notification' clause." Figgie, 994 F.2d at 607. The court reversed the district court's order only insomuch as it permitted redress to nonprofit entities because these entities were not wronged by the defendants. Id. The purpose of the FTC Act is to provide consumer redress, not punish deceptive trade practices. Id. at 607–08. This Court's Amended Final Judgment in no way authorizes the redress prohibited under the FTC Act or as discussed by the court in Figgie. The Amended Final Judgment clearly requires the FTC to conduct consumer redress or provide other equitable monetary relief. (See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1333 JVS (KESx)                    Date  January 20, 2023

Title   Federal Trade Commission v. Elegant Solutions, Inc. et al.

Judgment 15–16.)  Defendants do not otherwise provide any legal authority indicating that the Court can or why it should order the FTC to complete such redress by a date certain.

Defendants also request the Court limit the amount of consumer redress to the individuals disclosed in the FTC motion for summary judgment.  (Defendants' Mot. at 6.)  The FTC Act states the court may "grant such relief as the court finds necessary to redress injury to consumers or other persons, partnerships, and corporations resulting from the rule violation or the unfair or deceptive act or practice, as the case may be."  15 § U.S.C. 57b(b).  Any consumer injured by Defendants conduct, whether or not listed in the motion for summary judgment, is clearly entitled to relief under the plain language of the statute.  Defendants do not otherwise provide any legal authority in support of their request.

Accordingly, the Court **DENIES** Defendants' motion.  (Dkt. No. 251.)

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** the Receiver's motion authorizing the sale of the remaining sports memorabilia assets, **GRANTS** the Receiver's final application for attorney fees and discharge, and **DENIES** the Defendants' motion.

The Court finds that oral argument would not be helpful in this matter.  Fed R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the January 23, 2023, hearing.
          **IT IS SO ORDERED.**